## McMILLEN v. INDEMNITY INS. CO. OF NORTH AMERICA.

(District Court, W. D. Missouri, W. D. May 4, 1925.)

Nos. 6086, 6087.

1. **Removal of causes ⬤⟶17, 102—Taking of depositions in state court not waiver of right to remove nor ground for remand.**

Remand to state court will not be ordered because, after applying for removal, defendant served notice to take depositions in state court, and subsequently took depositions; right of removal not being thereby waived.

2. **Removal of causes ⬤⟶17—Intent to waive right of removal should clearly appear.**

A defendant should not be deprived of right to trial in United States courts, unless intent to submit and have a hearing in state court is made to clearly appear.

At Law. Action by Tillie A. McMillen against the Indemnity Insurance Company of North America. On motion to remand. Motion denied.

Goodwin Creason, of Kansas City, Mo., for plaintiff.

J. C. Rosenberger and D. G. Warrick, both of Kansas City, Mo., for defendant.

REEVES, District Judge. Plaintiff has filed her motion to remand, and, supplemental thereto, has also filed a plea in abatement. The purpose of the plea in abatement was to reach facts not appearing of record.

The only question raised by the two pleadings is whether the defendant lost its right to remove from the state court to the federal court by serving notice to take depositions in the state court, and subsequently by actually taking such depositions. There is no question but that depositions in the cause on the part of the defendant were taken while the case was pending in the state court.

1. Judge Van Valkenburgh, in Duvall v. Wabash Ry. Co. (No. 5728) 9 F.(2d) 83, in this court, had before him the identical question raised here and ruled adversely to the plaintiff. However, that case was slightly different from the instant case. It was pointed out by Judge Van Valkenburgh "that at the close of the deposition hearing, and before the parties left the room, defendant served upon plaintiff's counsel its notice of removal proceedings."

2. Concededly the right to remove from the state to the federal court existed when the suit was filed. This right continued, unless lost by some act of the defendant, amounting either to a waiver of the right or an estoppel to assert it. There is no question but that the proceedings for removal were had within the time and conformable to the requirements of the statute.

[1] Plaintiff says that by the taking of the depositions defendant submitted to the jurisdiction of the state court and evinced a purpose to try the case there, and, under the law, it was its duty "either to appear and go to trial, and accept" the "incidents and consequences" of a trial in the state court, or "quit the field altogether." Tower v. Moore, 52 Mo. 118 loc. cit. 120.

3. If defendant had entered upon its trial in the state court, the foregoing principle would be applicable. Defendant should not be permitted, under the law, to occupy an ambiguous position, so that he might enjoy the advantages of the state court and its processes, and yet escape all disadvantages, but there must be an irreconcilable repugnancy. Castings Co. v. Supply Co. (C. C.) 83 F. 853.

4. Defendant, a nonresident, was given the right to remove the action from the state court, conditioned that a petition duly verified in such suit be filed "at [the time or] any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Until the expiry of the time to plead, this right remained, unless waived or lost by estoppel. Neither the filing of an answer nor other plea before due is inconsistent with the subsequent removal of the case. Gavin v. Vance (C. C.) 33 F. 84; Duncan v. Associated Press (C. C.) 81 F. 417; Whiteley Malleable Castings Co. v. Sterlingworth Ry. Supply Co. (C. C.) 83 F. 853; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 131 F. 657, 66 C. C. A. 601; State Improvement-Development Co. v. Leininger (D. C.) 226 F. 884.

It has been held that a voluntary or involuntary appearance in the state court before expiration of time to plead does not waive the right to remove. Stevens v. Richardson (C. C.) 9 F. 191; Conner v. Coal Co. (C. C.) 45 F. 802; Donahue v. Clay Co. (C. C.) 94 F. 23; Judson v. Maccabees (D. C.) 220 F. 1004. As an instance, a defendant may appear for the hearing on a preliminary motion for an injunction without sacrificing his right. Cella, Adler & Tilles v. Brown et al. (C. C.) 136 F. 439.

Again a defendant may appear to resist the appointment of a receiver without waiving the right. Sidway v. Missouri Land & Live Stock Co. (C. C.) 116 F. 381. A defendant may contest the case on its merits in the state court, where the state court has refused to order a removal, and in so doing the right of removal is not waived. Powers v. Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Steamship Co. v. Tugman, 106 U. S. 118, 1 S. Ct. 58, 27 L. Ed. 87.

5. Moreover, a defendant would undoubtedly have the right to take depositions bearing on the question of removal. Pending removal from the state court in regular course, defendant ought not to be denied its right to make preliminary preparations for trial, whether in the state or national court.

6. In the federal court, the defendant would have a limited right to procure testimony preparatory to the trial. Certainly it should have the right to obtain testimony while the cause pends in the state court. The rights of the parties in the matter of depositions are identical in each court. If defendant imperils its right to remove by taking depositions in the state court, then it must desist from making proper preparation for its defense while awaiting its opportunity to remove. Both parties may use the processes of the court in which the cause is pending.

It would be wrong to deny the defendant the right to prepare its case for trial by taking testimony, except upon peril of forfeiture of the substantial right to remove.

The defendant did not select the forum, but it should have the unqualified right to use appropriate processes until in orderly procedure it can remove its controversy to the national court. Otherwise, substantial rights might be lost.

[2] 7. The defendant should not be deprived of its constitutional and statutory right to a trial in a court of the United States upon the ground of waiver, "unless a clear case of intent to submit and have a hearing in the state court is made to appear." Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., supra, loc. cit. 661 (66 C. C. A. 605). No such intent is shown in the instant case.

The motion to remand is denied.