## BROWN v. DAVIS.

(District Court, W. D. Missouri, W. D.   May 22, 1926.)

No. 6424.

1. **Removal of causes** ⊚�ि89(2) **Where defendant's verified petition for removal of suit to federal court and supporting affidavit showed diversity of citizenship, court must assume that diversity of citizenship existed, in absence of opposing affidavits.**

   Where defendant's verified petition for removal of suit to federal court alleged defendant's nonresidence, and was supported by affidavit to same effect, court must accept diversity of citizenship as proved fact, in absence of opposing affidavits, on plaintiff's motion to remand case to state court.

2. **Removal of causes** ⊚⟿17—**Defendant's entry of appearance and waiver of service of summons did not waive any rights, nor accelerate time to plead, and petition to remove action to federal court, filed before time to plead expired, was timely.**

   Where suit in state court was returnable at March term, defendant's entry of appearance and waiver of service of summons did not accelerate joining of issues or waive any rights, and plaintiff, by filing amended petition, could not accelerate time in which defendant was required to plead, notwithstanding marginal reference therein to December term, and defendant's petition for removal to federal court, filed in February, was timely.

In Equity. Suit by Andrew J. Brown against A. A. Davis, doing business as A. A. Davis & Co. On plaintiff's motion to remand cause to state court, from which it was removed by defendant. Motion overruled.

Harold E. Neibling and E. J. Levis, both of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for defendant.

REEVES, District Judge. Plaintiff has filed his motion to remand this cause to the state court. The grounds of his motion are (a) that there is not a diversity of citizenship; (b) that the defendant waived its right in the state court to have the cause removed to the federal court.

The facts are that the plaintiff filed his suit in a state court on the 13th day of January, 1926. The amount sued for then was $3,000, and on that date the defendant entered his appearance in the following language: "Comes now the above-named defendant, waives the issuance and service of summons herein, and enters his appearance in the above-entitled cause."

The suit was returnable to the March term, 1926, of the circuit court of Jackson county, Mo., at Independence. Both the original petition and the entry of appearance showed this. On the 6th day of February, 1926, plaintiff filed an amended petition, wherein the amount of recovery sought was fixed at $25,000. The amended petition contained a marginal reference to the December term, 1925, of said court.

A petition for removal, with bond, pursuant to notice, was filed on February 18, 1926. The marginal reference contained in each of these papers referred to the March term, 1926. This was also true of the notice, required in removal matters. The petition for removal was verified by affidavit, and is supplemented by another affidavit to the effect that the defendant is a citizen and resident of Oklahoma City in the state of Oklahoma. On the question of the residence of the defendant, no opposing or counter affidavits were filed.

[1] 1. That there is a diversity of citizenship cannot be further considered. The defendant himself has filed an affidavit that he is and was a resident of the state of Oklahoma. The removal petition was verified by oath of Charles C. Byers, Jr., and such petition also contained an allegation of nonresidence. In the absence of contrary affidavits, the court must accept as fully proved that a diversity of citizenship existed.

[2] 2. The remaining question is whether the defendant, by his action in the state court, waived his right to remove the cause to this court. It is urged by plaintiff here that the filing of the amended petition in the state court devolved upon the defendant, after his appearance, the duty to plead to such amended petition, and that the time fixed within which such pleading could be filed expired before the filing of the removal petition.

The facts show that the suit was returnable to the March term, 1926, of the circuit court. The entry of appearance simply waived the issuance and service of summons, and was not designed to accelerate the joining of issues in the state court. Upon this entry of appearance, the defendant was not obliged to answer or otherwise plead to the petition until the March term of the circuit court.

By filing an amended petition, though a right inhering in plaintiff, the time within which the defendant was required to plead or answer could not be accelerated or shortened. The fact that the plaintiff made marginal reference to the December term could not have the effect of giving that term jurisdiction, control, and supervision of the pleadings, except by consent and stipulation of parties. In other words, defendant's right

to answer and plead in due course could not be taken away from him by plaintiff's act in filing an amended petition.

The entry of an appearance had no greater force or effect than if summons had been issued and personally served upon the defendant. Under such circumstances, he could not have been compelled to plead to the petition, except in due course. The fact that he waived the service of summons did not change his situation. The effect of the appearance was simply to submit to the jurisdiction of the court, and was not a waiver of rights. Judson v. Maccabees (D. C.) 220 F. 1004.

It would be wrong to hold that defendant lost his right to remove, because he saved to the plaintiff the trouble, expense, and delay of bringing him compulsorily into court. Stevens v. Richardson (C. C.) 9 F. 191. In view of the foregoing, the court must hold that defendant did not waive his right to remove, and that his proceeding in that regard was seasonably and timely taken.

Motion to remand will be overruled. It is so ordered.