### LEVY v. JOS. S. FINCH & CO.

District Court, E. D. New York.

Oct. 5, 1934.

Arthur A. Kestler, of Brooklyn, N. Y., for plaintiff.

Chadbourne, Stanchfield & Levy, of New York City (Leonard P. Moore and David S. Hecht, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiff to remand this cause from this court to the Supreme Court of the state of New York, county of Queens, from which it was removed upon the petition of the defendant upon the ground of diversity of citizenship.

The plaintiff seeks to recover the sum of $4,669.50 in addition to interest and costs, for an alleged breach of contract.

Plaintiff is a resident and citizen of the state of New York. The defendant is a corporation organized and existing under the laws of the state of Pennsylvania.

The summons in this action was not served upon the defendant. The action was commenced by the plaintiff serving upon the attorney for the defendant a notice of appearance on May 15, 1934. On May 18, 1934, a copy of the complaint was served on the attorney for the defendant.

On May 28, 1934, pursuant to due notice thereof given to the attorney for the plaintiff, a removal bond was approved by the Supreme Court of the state of New York, county of Queens, and a petition filed for the removal of this cause to this court on the ground of diversity of citizenship. This action was removed prior to the time the defendant had answered the complaint and ten days before the time to do so had expired.

■ The contention of the plaintiff that the defendant lost its right to remove by appearing in the state court cannot prevail. Judson v. Knights of the Maccabees of the World (D. C.) 220 F. 1004; Groton Bridge & Manufacturing Co. v. American Bridge Co. (C. C.) 137 F. 284; Stevens v. Richardson (C. C.) 9 F. 191.

■ Under 28 USCA § 71, defendant has an absolute right to have removed from a state court to this court any suit of a civil nature wholly between citizens of different states where the amount in controversy ex-

ceeds the sum or value of $3,000 exclusive of interest and costs.

Under 28 USCA § 72, a petition to remove may be filed "at * * * any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

The petition was filed in due time; that is, before the time for the defendant to answer had expired. The action was properly removed.

Motion to remand is denied. Settle order on notice.