## OWENS v. ATLANTIC COAST LINE R. CO.
### Civil Action No. 1503.

District Court, E. D. South Carolina, Florence Division.

Feb. 25, 1947.

James E. Leppard and Wm. P. Gulledge, both of Chesterfield, S. C., for plaintiff.

Woods & Woods, of Marion, S. C., and J. Arthur Knight, of Chesterfield, S. C., for defendant.

WARING, District Judge.

This cause was commenced and filed in the Court of Common Pleas for Chesterfield County, South Carolina. The complaint alleges that certain injuries were sustained by the minor plaintiff as a result of the negligent acts of the defendant and prays for damages in the sum of $50,-000. The defendant railroad company by appropriate proceedings filed a petition for removal to the United States District Court for this district. The petition and bond for removal were approved and accepted by a Judge of the Court of Common Pleas by Order filed June 26, 1946, and a transcript was duly prepared and filed in this court. The petition shows that the amount in controversy exceeds the jurisdictional amount and alleges diversity of citizenship, the plaintiff as well as her guardian ad litem being residents and citizens of the State of South Carolina, whereas the Atlantic Coast Line Railroad Company is stated to be a corporation created and existing under the laws of Virginia.

After the removal the defendant served a motion to strike out certain allegations of the complaint and this was partly granted and partly refused, and other motions were also passed upon.

On November 18, 1946, the plaintiff filed a notice of a motion to remand on the ground that while the defendant Atlantic Coast Line Railroad Company may have been incorporated under the laws of the Commonwealth of Virginia as stated in the petition, nevertheless, it was also incorporated under the laws of the State of South Carolina and is a citizen of the last-named state and therefore there is no diversity of citizenship.

Upon the hearing of this matter, the defendant took the preliminary position that plaintiff was too late in presenting this motion as violative of Rule 10 of the Rules of the United States District Courts for the Eastern and Western Districts of South Carolina, which provides that any party desiring to traverse the allegations of the petition for removal must serve such traverse within 20 days. I am of the opinion that this rule is one of convenience and very useful. However, the facts upon which the plaintiff relies are practically all matters of public record consisting of public records in the Office of the Secretary of the State of South Carolina and public records of other states. As a matter of fact, a great part of the presentation of this case is based upon the facts set forth and detailed in certain cases hereinafter recited or referred to, and at the time the case was presented and argued before me, counsel agreed that the court might rely upon the statements and history set forth especially in the cases of Lee v. Atlantic Coast Line R. Co., C.C.S.C., 150 F. 775; Atlantic Coast Line R. Co. v. Dunning, 4 Cir., 166 F. 850; Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 81 F.2d 60. I am of the opinion that the local rule does not prevent the hearing of this matter and grave considerations of jurisdiction being involved it must be decided irrespective of a rule that was adopted to govern the determination of facts by testimony or affidavit. The motion will therefore be considered upon its merits.

Counsel have filed a number of exhibits consisting of copies of charter and certain of the acts authorizing the creation of the railroad company and have called particular attention to the statements and history of the railroad company in the above-named cases.

The case of Lee v. Atlantic Coast Line R. Co., C.C., 150 F. 775, was one of four cases brought in a State Court in South Carolina; and the four cases were removed

by appropriate proceedings to the Circuit Court of the United States for the District of South Carolina. Circuit Judge J. C. Pritchard first referred the case to a Special Referee who made his report, which is embodied in the report of the case. Judge Pritchard held that the case was removable since the Atlantic Coast Line R. Co. was a non-resident corporation. Two of these cases were appealed to the Circuit Court of Appeals for the Fourth Circuit and the opinion will be found in the case there known as Atlantic Coast Line R. Co. v. Dunning (166 F. 850) where the holding of Judge Pritchard as to diversity of citizenship was affirmed. The court that heard this appeal was composed of Chief Justice Fuller and District Judges Morris and Purnell. All of the facts gone into in the argument in the instant case appear to have been presented to both the trial court and the appellate court in the Lee and Dunning cases. In Paragraph 4 of the Referee's Report (see the Lee case supra) the portion of the Coast Line here under consideration is noted as a part of the merger, namely, the Cheraw and Darlington Railroad Company. The Referee's Report describes the formation of the Atlantic Coast Line R. Co. of Virginia, the formation of the Atlantic Coast Line R. Co. of South Carolina, the method by which they were merged, both under general laws and special laws, and refers specifically to the application of certain stockholders of Atlantic Coast Line R. Co. to the State of South Carolina for the issuance of a charter and the issuance of a certificate of consolidation by the State (Paragraph 14). The Referee reports (Paragraph 15) that no use was made of this charter and there was no organization under the same, and the Referee concluded (Paragraph 16) that the Atlantic Coast Line R. Co. derived its corporate existence from the State of Virginia. Judge Pritchard in a very able and exhaustive opinion reviews all of the matters set forth in the Referee's Report and all of the pertinent authorities on the subject and holds distinctly that the Atlantic Coast Line R. Co. was a Virginia corporation, and that by reason of diversity of citizenship it had properly removed the cases to the United States Court; and he refused to remand the same and they went on to trial.

The facts are in no way different in that case from the instant case, and if the Lee case was correctly decided, then this case must also be held as properly removed. The appeal from Judge Pritchard's decision, which was heard by the Circuit Court of Appeals and reported in Atlantic Coast Line R. Co. v. Dunning, supra, carefully reviews Judge Pritchard's decision, referring to the various Acts of the General Assemblies of Virginia and of South Carolina and the steps taken for the consolidations and mergers, and holds (at page 855 of 166 F.):

"We are satisfied from the facts so found that the corporation which owned and was operating the railroad on which the plaintiffs were injured, and of which they were employés, was a Virginia corporation. The corporation known as the 'Atlantic Coast Line Railroad Company of South Carolina' had been merged with the Virginia corporation, which had become the owner of all its property and franchises; its stock had been retired and canceled, and it had ceased to perform any corporate functions. It is true the Virginia corporation had, in compliance with the requirement of the law of South Carolina, applied for and received the certificate of the Secretary of State of South Carolina mentioned, dated May 13, 1902. But that certificate was never used to organize or create a new South Carolina corporation, and the contention that it had the effect to make a South Carolina corporation out of a corporation already existing and created by Virginia does not seem to us sustainable.

"It is clear, we think, that all the South Carolina corporations were merged into the Virginia corporation, and, losing their identity, ceased to exist."

The question of the creation, domestication and citizenship of merged or consolidated railways has been the subject of many decisions in this state. In Southern Railway Co. v. Tompkins, 48 S.C. 49, 25 S.E. 982; and later in Mathis v. Southern Railway Co., 53 S.C. 246, 249, 31 S.E. 240, the Supreme Court of South Carolina held that that railway company was a citizen of South Carolina and subject to the jurisdiction of the South Carolina courts, but later in the cases of Calvert v. Southern Railway

Co., 64 S.C. 139, 36 S.E. 750, 41 S.E. 963; and Wilson v. Southern Railway Co., 64 S.C. 162, 36 S.E. 701, 41 S.E. 971, the first-named cases were distinctly repudiated and the court held that the Southern Railway Company might remove a case from the state to the federal court.

The Atlantic Coast Line Railroad Company has for many years been sued in the original jurisdiction of the United States District Courts in South Carolina and many cases have been removed by it from the state courts. In Lightfoot v. Atlantic Coast Line R. Co., D.C., 33 F.2d 765, 766, Judge Glenn, a Judge of this court, held that the Atlantic Coast Line Railroad Company was a foreign corporation and says:

"The Atlantic Coast Line Railroad Company is not only sued here as a foreign corporation, but its character as such unquestionably has not been affected by its compliance with the local domestication laws, which is a condition precedent to a railroad company doing business in the state, or by the absorption of a local railroad company. This fact is definitely determined by decisions of the Circuit Court of Appeals of this circuit. Lee v. Atlantic Coast Line R. Co., C.C., 150 F. 775; Atlantic C. L. R. Co. v. Dunning [4 Cir.,] 166 F. 850."

Another very illuminating case in which the reasoning is quite convincing is that of Carolina & N. W. R. Co. v. Town of Clover, D.C., 34 F.2d 480, the opinion being written by Judge Henry H. Watkins. This case was appealed to the Circuit Court of Appeals on various grounds and the court, without especially deciding, seems to have approved of Judge Watkins ruling and opinion relative to citizenship, the railroad in question being in substantially the same plight as the one in the instant case. The Circuit Court of Appeals' opinion will be found in 4 Cir., 46 F.2d 395.

The plaintiff in the case at bar relies strongly upon the comparatively recent case of Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 81 F.2d 60, decided by the Circuit Court of Appeals for the Fourth Circuit. As a matter of fact, I doubt whether the question would have arisen in this case but for the idea suggested in the Town of Bethel case. A casual examination of that case might seem to suggest a conflict with the Lee and Dunning cases. But if one will read the case carefully, it will be noted that both the Lee and Dunning cases are referred to and there is no attempt to overrule the same or to criticize their holdings. In the Town of Bethel case the matters in issue relate solely to the consolidations of railroads in North Carolina, and it is there pointed out that the Atlantic Coast Line R. Co. operated in North Carolina as a North Carolina corporation. The Acts of North Carolina were quite different from those of South Carolina and the State of North Carolina apparently distinctly retained supervision of the corporation in that state, and when a deed of conveyance was executed in 1900, the railroad company described itself as "a corporation created and organized under the laws, of the states of Virginia and North Carolina." The Town of Bethel case refers to both the Lee and Dunning cases and says that in those cases (at page 65 of 81 F.2d):

"It was held that the Constitution and laws of South Carolina ([Lee v. Atlantic Coast Line R. Co. C.C.] 150 F. 793) contemplated that domestic and foreign railroad corporations might be united either through a merger or a consolidation, and that if a merger of a South Carolina with a foreign corporation took place, the foreign corporation did not become a domestic corporation for the purpose of diverse citizenship, merely because, as required by the statute, it filed a copy of the agreement of merger with the Secretary of State and a certificate or charter of consolidation was issued to it by that official. The court relied upon the decisions of the Supreme Court with reference to similar state statutes in St. Louis & San F. R. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802, and Southern R. Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078."

The court then goes on to point out that the situation in the North Carolina case then under consideration was quite different and says at page 66 of 81 F.2d:

"The case is therefore distinguishable from St. Louis & San F. R. Co. v. James and Southern R. Co. v. Allison, supra."

█ From a consideration of the foregoing, it will be clearly seen that the Town

of Bethel case applies wholly and solely to the State of North Carolina and the consolidation in that state of certain railroad lines now known as the Atlantic Coast Line Railroad Company. The case does not apply at all to the merger of the various railroads in South Carolina which operate under the same name and which clearly have become a part of the Atlantic Coast Line Railroad Company which was created by and is a citizen of the Commonwealth of Virginia. The case was therefore properly removed from the State Court to the Federal Court and the motion to remand is not well taken.