**DAVILA v. HILTON HOTELS INTERNATIONAL, Inc.**

Civ. No. 6196.

United States District Court
D. Puerto Rico.   San Juan Division.
April 25, 1951.

Victor A. Coll, San Juan, P. R., for plaintiff.

McConnell & Valdes, San Juan, P. R., for defendant.

ROBERTS, District Judge.

The action here is for damages for defamation brought by plaintiff, a resident of Puerto Rico, against defendant, a corporation organized and existing under the laws of the State of Delaware. The suit was instituted in the District Court of Puerto Rico, San Juan Section, on March 12, 1951. The defendant corporation, on March 28, 1951, filed its petition for removal of the cause to this Court on grounds of diversity of citizenship within the meaning of Section 863 of Title 48, U.S.C.A. It appears from the record that the requisite diversity of citizenship does exist.

By virtue of Section 864 of Title 48, U.S.C.A., the provisions of law relating to the removal of causes from the courts of the several States to the courts of the United States, 28 U.S.C. §§ 1441–1450, are made applicable to the removal of causes from the courts of Puerto Rico to the District Court of the United States for Puerto Rico. It appears from the record that the petition for removal was timely, that there was a proper compliance with the provisions of law relating to the removal of causes, and, that the removal of this cause was properly accomplished.

On April 4, 1951, plaintiff moved for a remand of the cause to the District Court of Puerto Rico on ground that defendant, a foreign corporation, had qualified to do business in Puerto Rico in compliance with law regulating the doing of business therein by foreign corporations and had, thereunder, appointed an agent for the service of process in Puerto Rico and that, in so doing, had lost or waived its right to remove to this Court a cause instituted against it in an insular court.

There appears in the record a certificate, issued by the Acting First Assistant Secretary of Puerto Rico, wherein it is set forth that the defendant corporation, on July 12, 1948, complied with the provisions of insular law relating to the doing of business in Puerto Rico by foreign corporations and that "Mr. Frank G. Wangeman is the agent of said corporation in Puerto Rico, upon whom service of process may be made in accordance with Section 38 of our Private Corporation Act."

There is nothing in the record that indicates, nor did plaintiff contend, that defendant corporation had in any affirmative manner, or by any positive action, agreed to waive or relinquish its right to remove to the federal courts any cause of action brought against it in the insular courts. The contention of plaintiff is, in substance, that defendant corporation, by its compliance with the provisions of insular law relating to the doing of business in Puerto Rico by foreign corporations and by its appointment of an agent for service of process in Puerto Rico, gave its consent to be sued in the courts of Puerto Rico and thereby lost or waived its right to remove causes brought against it in the insular courts to the federal courts. This contention must be rejected.

It is well settled that when a foreign corporation complies with the provisions of state law regulating the right of foreign corporations to do business in that State and appointed an agent for the service of process therein, it thereby consents to be sued in the courts of such State, both state and federal. The authorities are clear that a federal district court within such State is a court of that State within the consent granted. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 443, 66 S.Ct. 242, 90 L.Ed. 185; Oklahoma Packing Co. v. Oklahoma Gas & Electric

Co., 309 U.S. 4, 6-7, 60 S.Ct. 215, 84 L.Ed. 537; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167–168, 60 S.Ct. 153, 84 L.Ed. 167.

■ It is equally well settled, however, that the mere grant of consent to be sued in the courts of a State by a foreign corporation as a condition on the right to do business therein, does not operate to deprive such corporation of its right to remove a cause brought against it in a court of that State to a federal court within that State. Mere compliance with statutes regulatory of the right of foreign corporations to do business within a State do not work a forfeiture of the right to remove when the prerequisite conditions therefor exist. The decisions uniformly hold that it is beyond the power of the States to impair the right to remove a cause on diversity grounds when the removal is timely and diversity does in fact exist. A statute which in terms purported to effect such a result would be unconstitutional. Harrison v. St. Louis & S. F. R. Co., 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621; Herndon v. Chicago, R. I. & P. Ry., 218 U.S. 135, 30 S.Ct 633, 54 L.Ed. 970; Southern Railway Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078; Stewart v. Ferer, 10 Cir., 163 F.2d 183, 185.

■ Plaintiff, in the instant case, urges that compliance with Section 38 of the Corporation Law of Puerto Rico, by defendant Corporation, constituted a waiver of its right to remove a cause from the insular to the federal courts. That a defendant may waive the right to remove a cause is conceded, but the intent to so waive and to submit to the jurisdiction of the State court must be clear and unequivocal. Where it is sought to show an intent to waive the right to remove from the actions of a defendant, the actions relied upon must be clearly inconsistent with a purpose to pursue the right to remove. McMillen v. Indemnity Insurance Co., D.C., 8 F.2d 881; Duvall v. Wabash Ry. Co., D.C., 9 F.2d 83; Houlton Savings Bank v. American Laundry Machinery Co., D.C., 7 F.Supp. 858; State, on Inf. of McKittrick ex rel. City of Trenton, Mo.

v. Missouri Public Service Co., D.C., 25 F.Supp. 690.

■ Compliance by a foreign corporation with the provisions of a statute regulating the right to do business in a State, standing alone, is insufficient to establish an intent on the part of such corporation to waive its right to remove a cause from the State to a federal court. Southern Railway Co. v. Allison, supra; St. Louis & S. F. R. Co. v. James, 161 U.S. 545, 16 S. Ct. 621, 40 L.2d 802; Polito v. Molasky, 8 Cir., 123 F.2d 258; Owens v. Atlantic Coast Line R. Co., D.C., 70 F.Supp. 399, 402.

Polito v. Molasky, supra, is particularly in point with the instant case. There a foreign corporation had complied with a Missouri statute which made the appointment of an agent for the service of process in Missouri a condition to doing business in that State. It was urged that in thus consenting to the jurisdiction of the courts of Missouri, defendant had waived its right to remove a cause instituted against it in a state court to a federal court in that State. The Court of Appeals for the Eighth Circuit, after examining the certificate designating an agent for the service of process, said, 123 F.2d at page 261, 262: "Nothing contained in this certificate can be said to constitute a waiver of the right to remove a case from the state to the federal court, nor to estop the defendant from removing a cause of action against it from the state to the federal court on the ground of diversity of citizenship by timely and proper compliance with the removal statute."

An examination of the certificate designating an agent for the service of process in the instant case leads to the same conclusion as that reached in the Polito case, supra. There is nothing contained in that certificate which is persuasive that it should be construed as constituting a waiver on the part of defendant corporation of its right to remove a cause from the insular to the federal court.

A succinct statement of the law pertaining to waiver of the right to remove is to be found in General Phoenix Corpora-

tion v. Malyon, 88 F.Supp. 502, at page 503, where the District Court for the Southern District of New York said: "Unquestionably, the privilege of removal may be waived. A waiver may occur in numerous ways such as a failure to make timely application, answering in the State Court, or any other fashion indicating submission to jurisdiction. Of course, the waiver is always spelled out from occurrences after commencement of suit. Whether parties may stipulate in advance to restrict removal is highly doubtful, for such an understanding would run counter to the settled idea that bargains limiting parties to particular tribunals are illegal."

When the reasoning implicit in the above quoted language is applied to the instant case, it becomes clear that there is no ground for holding that the defendant corporation waived its right to remove the instant case from the insular to the federal court. The defendant corporation here has done nothing from which an intent to waive could be reasonably inferred. On the contrary, its prompt action to remove the cause indicates an intent not to submit to the insular court's jurisdiction.

Its reason for compliance with insular law regulating the right of foreign corporations to do business in Puerto Rico is rather obvious. Section 38 of the Corporation Law of Puerto Rico has the effect of closing the courts of Puerto Rico, both insular and federal, to noncomplying foreign corporations with respect to the maintenance of suits on contracts entered into by it in Puerto Rico. If foreign corporations do not comply with the statute and designate an agent for the service of process in Puerto Rico and thus consent to be sued in the courts of Puerto Rico, they in turn are refused access of the courts of Puerto Rico for the enforcement of contracts made by them in Puerto Rico. Therein lies a most compelling reason for compliance with the local statute. But there is nothing that can be reasonably inferred from the act of so complying that would warrant finding an intention on the part of a foreign corporation to waive its

right to remove a cause to the federal courts on diversity grounds.

Plaintiff's motion to remand the cause is denied.