**DRI MARK PRODUCTS, INC., and Dri Mark Trading Corporation, Plaintiffs,**

v.

**MEYERCORD CO., Defendant.**

United States District Court
S. D. New York.
April 21, 1961.

Joseph Goldberg, New York City, for plaintiffs.

Kenyon & Kenyon, New York City, for defendant.

EDELSTEIN, District Judge.

Plaintiff moves to remand this action, which was commenced on November 4, 1960, in the Supreme Court of the State of New York, Westchester County, back to the State court. The complaint alleges trade mark infringement, unfair competition and violation of Section 964 of the New York Penal Law. Plaintiff prays for an injunction restraining the use of the name "Dri Mark". An order to show cause, moving for a temporary injunction, was served with the summons and complaint, returnable November 9, 1960. A written stipulation adjourning the hearing of the motion to November 22, 1960, was entered into between the parties. On November 17, 1960, prior to the adjourned return date of the motion, defendant removed the action to this court on the grounds of diversity of citizenship. 28 U.S.C. §§ 1441, 1332.

Plaintiff concedes the diverse citizenship of the parties, but sets forth, in its moving papers, three grounds for remand: (1) that the matter in controversy does not exceed $10,000; (2) that the defendant has waived its right to removal; and (3) that the petition for removal is defective due to a failure to include all of the papers and pleadings filed in the state court.

Plaintiff contends that the "determinative factor of jurisdictional amount in

any cause is what is claimed by the plaintiff in the complaint." Since the complaint here lacks a statement of the monetary value of the matter in controversy, it is contended that defendant's allegation in the removal petition of an amount in controversy in excess of $10,000 is insufficient to establish the jurisdictional amount. Plaintiff's position cannot be sustained.

"Removability is determined by the allegations of the complaint if it sets up the amount in controversy, and, if it does not, the court may look to the petition for removal." Davenport v. Procter & Gamble Mfg. Co., 2 Cir., 1957, 241 F.2d 511, 514, 63 A.L.R.2d 1350; see Daland v. Hewitt Soap Co., D.C.S.D. N.Y.1939, 27 F.Supp. 482, 483; Seber v. Spring Oil Co., D.C.N.D.Okl.1940, 33 F.Supp. 805. The "plaintiff-viewpoint" concept for determining jurisdictional amount is also applicable to actions for an injunction. "Thus, in actions seeking to enjoin unfair competition the amount in controversy has been held to be the value of the right to be protected or the value to the complainant of the business or good will to be protected." 1 Moore, Federal Practice 870 (2d ed. 1960). An examination of the complaint supported by the necessary inferences drawn therefrom, Daland v. Hewitt Soap Co., supra, the uncontradicted jursidictional averment in the petition and the affidavit submitted in opposition to the motion to remand, Davenport v. Procter & Gamble Mfg. Co., supra, persuades this court that the value of the matter in controversy exceeds the jurisdictional amount. Possidenti v. Mechanics & Traders Ins. Co., D.C.Md.1955, 136 F.Supp. 544 cited by plaintiff, is inapposite. That case involved an action for a money judgment and held that the claims against two defendants could not be aggregated to establish the jurisdictional amount. Lorraine Motors, Inc., v. Aetna Cas. & Surety Co., D.C.E.D.N.Y.1958, 166 F.Supp. 319, expressing the policy which favors remand when there is doubt as to the right of removal, is not applicable here where there is no doubt.

The second ground of plaintiff's motion is based on a stipulation between the parties entered into while the action was pending in the State court.[1] It is urged that by agreeing to have the motion heard on the adjourned day in the Supreme Court of Westchester County, defendant waived its right to Federal jurisdiction.

"That a defendant may waive the right to remove a cause is conceded, but the intent to so waive and to submit to the jurisdiction of the State court must be clear and unequivocal. Where it is sought to show an intent to waive the right to remove from the actions of a defendant, the actions relied upon must be clearly inconsistent with a purpose to pursue the right to remove." Davila v. Hilton Hotels International, Inc., D.C. P.R.1951, 97 F.Supp. 32, 34. Thus, it has been held that it is not a waiver of the right to remove when a defendant enters a general appearance, Levy v. Joseph S. Finch & Co., D.C.E.D.N.Y.1934, 9 F. Supp. 255, answers and serves a notice to examine plaintiff, Markantonatos v. Maryland Drydock Co., D.C.S.D.N.Y. 1953, 110 F.Supp. 862, or even takes depositions prior to removal. McMillen v. Indemnity Ins. Co., D.C.W.D.Mo.1925; 8 F.2d 881. The court in McMillen pointed out that the right of removal should not be foreclosed to a defendant because he takes steps to protect his rights, prepares for trial or uses the processes of the State court while the case is still pending there. In Houlton Sav. Bank v. American Laundry Mach. Co., D.C.Me.

1. "It is hereby stipulated and agreed by and between the attorneys for the parties hereto, that the Order to Show Cause, noticed to be heard on the 9th day of November, 1960, at 10 o'clock in the forenoon at a Special Term, Part I, of this Court to be held in and for the County of Westchester, is hereby adjourned to the 22nd day of November, 1960, at 10 o'clock in the forenoon, at a Special Term, Part I, of this Court, to be held in the County of Westchester in the County Court House thereof located in White Plains, N.Y."

1934, 7 F.Supp. 858, cited by both parties, the court denied a motion to remand on the ground that defendant had waived its right to remove. Defendant's general apearance and participation in the hearing on an application for a temporary injunction was not held to be a waiver. Had defendant here argued the motion on the original return day in the State court, that act would not have waived his right to remove. How then can the agreement to postpone that act, which if done would not constitute a waiver, be construed to have greater significance than the act itself? Moreover, at the time the stipulation was entered into, the State court was the only place the action was pending. The designation of the Supreme Court of Westchester County as the place for the hearing appears to be merely a matter of form. To attach to the stipulation a substantive significance which would deprive defendant of a statutory right would be to read into it an intent which is not there.

Plaintiff argues that even if a waiver did not take place, the defendant is estopped from asserting its right to remove, for if it had disclosed an intent to remove, plaintiff would not have agreed to an extension of time. Plaintiff, however, has not shown that defendant has any duty to disclose an intent to remove prior to filing the petition, nor does any such duty exist. "The right of the defendant to apply for a removal was a substantive right existing for a definite time, and one of which it could not be deprived except by some act of its own amounting to a waiver of the right or an estoppel to assert it." Houlton Sav. Bank v. American Laundry Mach. Co., supra, 7 F.Supp. at page 861. Entering into a stipulation extending the time within which to appear in opposition to a motion for a temporary injunction is neither. "Such action is not inconsistent with an intention to have a final adjudication on the merits in the federal courts." Ibid.

The third ground for plaintiff's motion is that the petition was defective because defendant did not file with the petition all of the exhibits annexed to plaintiff's application for the temporary injunction in the State court. See 28 U.S.C. § 1446(a). Though raised by the moving affidavit, the point is not pressed in plaintiff's brief. This is due, no doubt, to the fact that the argument has no merit. The failure to file the exhibits is not a jurisdictional defect. Omissions which are merely formal or modal do not affect the right to remove and such technical defects may be subsequently remedied. See 28 U.S.C. § 1447(b); Covington v. Indemnity Ins. Co., 5 Cir., 1958, 251 F.2d 930, 932–33; 7 Moore, Federal Practice 4452 & n. 2 (2d ed. 1955). Defendant has already cured the defect by filing the physical exhibits along with the papers in opposition to the motion to remand.

Accordingly, the motion to remand is denied. So ordered.