Monroe SWAN, Plaintiff,

v.

COMMUNITY RELATIONS–SOCIAL DE-
VELOPMENT COMMISSION et al.,
Defendants.

Civ. A. No. 73–C–624.

United States District Court,
E. D. Wisconsin.

May 7, 1974.

**10**

Alan E. Gesler, Milwaukee, Wis., for plaintiff.

Curry First, Milwaukee, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff has moved to have this action which was transferred to this federal court remanded to a state court. Plaintiff's motion is denied. This action arose out of an election dispute where the plaintiff,. a public officeholder, was denied the right to have his name put on the ballot for election to an area council of the Community Relations —Social Development Commission of Milwaukee County (hereinafter referred to as "SDC") by the defendant SDC. Specifically, on November 13, 1973, plaintiff was notified by the SDC that his name would not be placed on the ballot. This decision was made after an SDC meeting held on October 22, 1973, in which it was determined that public officeholders could not qualify as candidates in the election to be held on November 19, 1973.

The defendants are as follows: the Milwaukee County Election Commission (hereinafter "MCED"), a governmental body charged with the conduct and supervision of public elections; the SDC, a quasi-public corporate existing pursuant to the laws of the State of Wisconsin which has been designated as a community action program by the Director of the Office of Economic Opportunity (hereinafter "OEO") under 42 U.S.C. § 2790(a); and three individuals: Eunice Niemi, Executive Secretary of the MCEC; Bernard Benn, Chairman of the SDC; and Donald Sykes, Executive Director of the SDC. Since the SDC is a community action agency, its Executive Director Donald Sykes, and its Chairman, Bernard Benn, are persons acting under the authority of an officer of the United States, notably the Director of OEO. See 42 U.S.C. § 2790 et seq.

Plaintiff commenced his action by filing a writ of prohibition on November 16, 1973, in the Circuit Court of Milwaukee County. On that date the Circuit Court granted an ex parte temporary restraining order concerning the SDC election which was scheduled for November 19, 1973 at 12:00 noon, and set a hearing for the morning of November 19, 1973. At the hearing on November 19, the Circuit Court refused to enjoin the election and vacated the earlier temporary restraining order. During the afternoon of November 19, 1973, defendants removed this matter to federal court. Shortly thereafter, on November 23, 1973, plaintiff filed the present motion for remand to the Circuit Court.

After consideration of plaintiff's state court pleadings, defendants' petition to remove, briefs on the motion to remand, the transcript of the Circuit Court proceeding, affidavits from both sides, oral argument and the applicable statutes, I have concluded that only one issue exists: Did the defendants waive their right to remove this case from state court by their actions during the state court proceeding? The answer to this is "no".

Section 1442(a), Title 28, United States Code, provides for the removal of any "* * * civil action * * * commenced in a State court against * * * (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *." It should be kept in mind that § 1442(a) creates a jurisdictional right to removal quite separate from that of the general removal statute—§ 1441. Generally speaking, the limitations on removal under § 1441 are not applicable to removal under § 1442. Moore states:

"* * * And this is in keeping with congressional policy, for while Congress has gradually restricted the right of removal under the general statute, it has broadened the special right of removal by federal officers for acts performed under color of office."

1A Moore's Federal Practice ¶ 0.-164[1], at 827 (2 ed. 1965).

In order to remove an action to federal court under § 1442, the movant's petition must show that he was an "officer of the United States or any agency thereof, or person acting under him" and that he was acting "under color of such office" when he did the act for which he is being sued. It is uncontested that defendants have done this.[1]

Waiver is as applicable to the special removal provision of § 1442 as it is for the general provision of § 1441. Vendetti v. Schuster, 242 F.Supp. 746 (W.D.Pa.1965). It was stated long ago that "* * * the removal acts * * * do not contemplate that a party may experiment on his case in the state court, and * * * then transfer it to the federal court. * * *" Rosenthal v. Coates, 148 U.S. 142, 147, 13 S.Ct. 576, 577, 37 L.Ed. 399 (1893).

1. The Social Development Commission has been designated as a community action agency by the OEO Director under 42 U.S.C. § 2790(a). Section 2790(a) states in part:
"A community action agency shall be a * * * combination of such political subdivisions * * * which—
(1) has the power and authority and will perform the functions set forth in section 2795 of this title * * *
(2) is determined to be capable of planning, conducting, administering and evaluating a community action program and is currently designated as a community action agency by the Director [of the Office of Economic Opportunity].
A community action program is a community based and operated program—
* * * * *
(3) which conforms to such other supplementary criteria as the Director may prescribe consistent with the purposes and provisions of this subchapter."
Section 2795(a) adds:
"In order to carry out its overall responsibility for planning, coordinating, evaluating, and administering a community action program, a community action agency must have authority under its charter or applicable law * * *."
Defendants petition to remove not only shows that they were "officer[s] of the United States or any agency thereof, or person[s] acting under [them]", but it also shows that they were acting "under color of such office". In determining whether defendants were acting "under color" of federal office, the guidelines of Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969), should be applied. In *Willingham*, the Supreme Court stated:
"* * * For this very basic reason, the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office regardless of whether the suit could originally have been brought in a federal court. * * *
"* * * The federal officer removal statute is not 'narrow' or 'limited.' Colorado v. Symes, 286 U.S. 510, 517, [52 S.Ct. 635, 637, 76 L.Ed. 1253] (1932). * * * Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow grudging interpretation of § 1442(a)(1)." 395 U.S. at 406–407.
See also Gurda Farms, Inc., v. Monroe County Legal Assistance Corp., 358 F.Supp. 841 (S.D.N.Y.1973). In *Gurda* the court briefly surveyed and generally discussed the structure of OEO and concluded that attorneys in an OEO funded legal services program were "persons acting under" a federal officer. Significantly, in the instant case, SDC and the named defendants are one step closer to the OEO and its director than the officers of a legal services program.

This was reiterated in Davila v. Hilton Hotels International, Inc., 97 F.Supp. 32, 34 (D.C.P.R.1951), where it was stated:

" * * * That a defendant may waive the right to remove a cause is conceded, but the intent to so waive and to submit to the jurisdiction of the State court must be clear and unequivocal. Where it is sought to show an intent to waive the right to remove from the actions of a defendant, the actions relied upon must be clearly inconsistent with a purpose to pursue the right to remove. * * * "

See also Dri Mark Products, Inc. v. Meyercord Co., 194 F.Supp. 536, 537 (S. D.N.Y.1961).

■ Actions which are primarily preliminary and nonconclusive in character have generally been held not to constitute waiver of the right to remove. 1A Moore's Federal Practice, ¶ 0.-157[9], at 313 (2d ed. 1965). The rationale has been that the requisite intent to waive cannot be gleaned from preliminary actions brought about by the filing of a complaint. Thus, the filing of an appearance, Brown v. Davis, 13 F.2d 256 (W.D.Mo.1926); taking depositions, McMillen v. Indemnity Ins. Co., 8 F.2d 881 (W.D.Mo.1925); filing a demurrer, Hildreth v. General Instrument, Inc., 258 F.Supp. 29 (D.C. S.C.1966); filing a general issue plea, Champion Brick Co. v. Signode Corp., 37 F.R.D. 2 (D.C.Md. 1965); opposing a temporary restraining order, Atlanta K. & N. Ry. Co. v. Southern Ry. Co., 131 F. 657 (6th Cir.

1904), cert. denied, 195 U.S. 634, 25 S. Ct. 791, 49 L.Ed. 354 (1904); and stipulating that a court action would take place on a specific date, Dri Mark Products, Inc. v. Meyercord Co., 194 F.Supp. 536 (S.D.N.Y.1961), have not been held to constitute waiver.

■ An examination of the defendants' actions prior to removal is in order. Defendants appeared at the state court temporary restraining order hearing on the morning of November 19, 1973. At this hearing, the defendants fully opposed the plaintiff's motion to enjoin the election scheduled for the same day, and ultimately convinced the court that it should vacate the restraining order which had been issued in an ex parte proceeding three days previously. During the hearing the parties agreed that another hearing be held at a later date and that the form of the action would be changed.[2] It is nowhere made clear, however, that the defendants either expressly or impliedly waived their right to remove the action to federal court.[3] Defendants' actions were primarily preliminary to the filing of plaintiff's writ of prohibition and in opposition to issuance of a temporary restraining order. From the transcript of the hearing held on November 19, 1973, and the record before me, I an unable to find any evidence that the defendants clearly and unequivocally intended to waive their right.

The defendants exercised their right to removal several hours after the hearing. This immediate action by the de-

2. The trial court judge, the Honorable Elmer W. Roller, stated at p. 2 of the hearing transcript:

"The suggestion has been made that we consider the issues that have been projected this morning at a later date, that the registration material and the ballots be impounded by the—be impounded and held by the Milwaukee County Election Commission pending the determination of the issues that have been raised this morning and in the application for the injunctive relief.

"Incidentally, gentlemen, you realize this is going to change the form of the proceeding—form of the action."

3. The hearing transcript contains evidence that defendants were not waiving their right to remove. The following exchange took place at pages 8–9:

"THE COURT: All right. It is stipulated that the Court will retain valid jurisdiction.

"MR. PERRY [Counsel for Defendants]: We have argued that there is no jurisdiction in this action.

"THE COURT: Of course, the Court has jurisdiction to determine that it has no jurisdiction.

"MR. PERRY: Yes, in that sence [sic]. But I don't want it understood jurisdiction in terms of merits."

fendants indicates that they did not intend to waive their right to remove during the morning hearing.

Plaintiff argues that even if waiver did not occur, defendants should be estopped from removing because of their conduct. This argument has no merit. Plaintiff has not shown that defendants had a duty to disclose their intent to remove prior to the filing of their petition. Dri Mark Products, Inc. v. Meyercord Co., 194 F.Supp. 536, 538 (S.D.N.Y.1961). Plaintiff has additionally not shown the justifiable reliance that is generally needed for a claim of estoppel. I find that defendants' actions were not inconsistent with their intention to have a final decision on the merits in the federal courts. Houlton Savings Bank v. American Laundry Machinery Co., 7 F.Supp. 858, 861 (D.C.D. Me.1943).

For the reasons stated above,

It is ordered that plaintiff's motion to remand this action to the Circuit Court of Milwaukee County be and it hereby is denied.