John C. BEASLEY and the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Streamliner Lodge No. 335, Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant.

Civ. No. 79-0-565.

United States District Court, D. Nebraska.

July 23, 1980.

John P. Fahey, Omaha, Neb., for plaintiffs.

Harry Lustgarten, Jr., Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the plaintiffs' motion for remand, or, in the alternative, for abstention [Filing # 10].

On October 10, 1979, plaintiffs filed their petition in the District Court of Douglas County, Nebraska, claiming that a 31-day disciplinary suspension assessed by defendant against plaintiff, John C. Beasley, was in violation of certain provisions of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, as well as Article XV, Section 13, of the Nebraska Constitution, and Section 48–217 of the Nebraska Statutes. On that same date, an ex parte temporary restraining order was issued by the state court, enjoining defendant from continuing the disciplinary suspension pending a hearing and determination of plaintiffs' application for a temporary injunction, set for October 20, 1979, and further order of that court.

On October 11, 1979, the defendant filed a motion to vacate the temporary restraining order, asserting that the state court did not have jurisdiction of the subject matter and the petition did not state facts sufficient to authorize the issuance of a temporary restraining order. On October 15, 1979, a brief oral hearing was held in the judge's chambers on defendant's motion, at which time no affidavits were filed nor was any oral testimony presented. The state court subsequently issued an order, dated October 18, 1979, denying the defendant's motion to vacate and ordering that a temporary injunction be entered.

On November 8, 1979, defendant filed a petition for removal [Filing # 1] with this Court. Subsequently, on February 22, 1980, the defendant filed a motion for summary judgment [Filing # 5]. However, the plaintiffs, rather than filing a responsive brief, filed the motion presently before the Court. Accordingly, the Court entered an order holding defendant's motion for summary judgment in abeyance pending a determination of the plaintiffs' motion.

On May 16, 1980, a hearing was held on plaintiffs' motion for remand, or, in the alternative, for abstention.

*Remand*

Before proceeding to the crux of plaintiffs' motion for remand, the Court will first consider whether the plaintiffs' complaint is one which can properly be removed to this Court.

An action of which the United States District Courts have original jurisdiction founded on a claim or right arising under the laws of the United States, is removable to Federal District Court. 28 U.S.C. § 1441(b).

Section 1337(a) of Title 28, United States Code, provides as follows:

(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11)) or section 219 of part II of such Act (49 U.S.C. 319), only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

The Railway Labor Act is considered to be an "Act of Congress regulating commerce" within the meaning of 28 U.S.C. § 1337(a). Therefore, the United States District Courts have original jurisdiction founded on claims or rights arising under that Act. *See International Ass'n of Machinists v. Central Airlines,* 372 U.S. 682, 696, 83 S.Ct. 956, 964, 10 L.Ed.2d 67 (1963); *Felter v. Southern Pac. Co.,* 359 U.S. 326, 329, 79 S.Ct. 847, 851, 3 L.Ed.2d 854 (1959).

▌ The original jurisdiction of the United States District Courts apply to such actions under the Railway Labor Act without any requirement of diversity of citizenship or minimum amount in controversy. Section 1337(a) requires only that the action be one "arising under any Act of Congress regulating commerce." It contains no requirement for diversity of citizenship or minimum amount in controversy. Thus, it has been recognized by the courts that no minimum amount in controversy is required to justify jurisdiction. *See International Ass'n of Machinists v. Central Airlines, Inc., supra; Felter v. Southern Pac. Co., supra; Lyon v. Atlantic Coast Line R. R. Co.,* 224 F.Supp. 1014, 1015 (W.D.S.C.1964). Therefore, it is clear that an action to enforce a claim or right under the Railway Labor Act is within the original jurisdiction of this Court as one arising under an "Act of Congress regulating commerce" without regard to diversity of citizenship or any minimum amount in controversy and is properly removable to this Court under 28 U.S.C. § 1441(a).

▌ Likewise, an action brought by a railroad employee based upon a claim of improper assessment of discipline is one within the original jurisdiction of the United States District Courts. Thus, such actions, if initially brought in state court, are properly removable to a United States District Court under 28 U.S.C. § 1441(a). *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (8th Cir. 1978); *Hages v. Aliquippa & Southern R. R. Co.,* 427 F.Supp. 889 (W.D.Pa.1977).

▌ Moreover, where a claim or cause of action filed in state court includes claims removable to federal court as well as concurrent claims which might not be removable, the entire claim is nevertheless removable for decision by the federal district court. *Hages v. Aliquippa & Southern R. R. Co., supra;* *Sheeder v. Eastern Express, Inc.,* 375 F.Supp. 655 (W.D.Pa.1974).

In sum, the foregoing discussion makes clear that the plaintiffs' complaint is one which can properly be removed to federal court. Accordingly, the defendant had the right to remove the entire case to this Court.

Having made the above determination, the Court will now proceed to consider the main issue raised by the plaintiffs' motion: Did the defendant waive its right to remove this case by its actions in the state court? As the following discussion will show, the answer to this is that it did not.

▌ Plaintiffs contend that defendant, by filing its motion to vacate the temporary restraining order in state court, waived its right to remove the case to federal court, since such action was allegedly inconsistent with a purpose to pursue the right of removal. In *Davila v. Hilton Hotels Internat'l, Inc.,* 97 F.Supp. 32, 34 (D.P.R.1951), the court stated:

> * * * That a defendant may waive the right to remove a cause is conceded, but *the intent to so waive and to submit to the jurisdiction of the State court must be clear and unequivocal.* Where it is sought to show an intent to waive the right to remove from the actions of a

defendant, the actions relied upon must be clearly inconsistent with a purpose to pursue the right to remove. * * * (Emphasis added).

*See also* 1A Moore's Federal Practice ¶ 0.157[9], at 126 (2d ed. 1979).

In this case, the original temporary restraining order issued by the state court was wholly *ex parte* without any notice to defendant or opportunity for it to present objections. Clearly, the defendant's motion to vacate this order, filed the day after its issuance, was merely for the purpose of obtaining the same opportunity to object to the issuance of the TRO which defendant would have had if it had been given notice and an opportunity to be heard at the time the order was issued. The defendant's motion was only that the state court *vacate* the temporary restraining order without any submission or request for a decision on the merits. The state court merely overruled the "[m]otion of the Defendant's to dissolve Restraining Order", [*see* Filing # 1, Ex. G], and entered a temporary injunction without any further opinion or ruling on any of the merits of the case. [*See* Filing # 1, Ex. H].

■ It has been recognized on numerous occasions that actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of defendant's right to remove and this principle has applied to motions to vacate temporary restraining orders and injunctions such as that involved herein. *Atlanta K. & N. Ry. Co. v. Southern Ry. Co.*, 131 F. 657, 662–63 (6th Cir. 1904); *Baker v. National Boulevard Bank*, 399 F.Supp. 1021, 1022 (E.D.Ill.1975); *Swan v. Community Relations-Social Dev. Comm'n*, 374 F.Supp. 9, 12 (E.D.Wis.1974); *Cella, Adler & Tilles v. Brown*, 136 F. 439, 440 (C.C.E.D.Mo. 1905); *Garrard v. Silver Peak Mines*, 76 F. 1, 2 (C.C.D.Nev.1896); *see also* 1A Moore's Federal Practice, ¶ 0.157[9], at 124–25 (2d ed. 1979). In this regard, the court in *Swan* wrote:

Actions which are primarily preliminary and nonconclusive in character have generally been held not to constitute waiver of the right to remove. 1A Moore's Federal Practice, ¶ 0.–157[9], at 313 (2d ed. 1965). The rationale has been that the requisite intent to waive cannot be gleaned from preliminary actions brought about by the filing of a complaint. Thus, the filing of an appearance, *Brown v. Davis*, 13 F.2d 256 (W.D.Mo.1926); taking depositions, *McMillen v. Indemnity Ins. Co.*, 8 F.2d 881 (W.D.Mo.1925); filing a demurrer, *Hildreth v. General Instrument, Inc.*, 258 F.Supp. 29 (D.C.S.C.1966); filing a general issue plea, *Champion Brick Co. v. Signode Corp.* 37 F.R.D 2 (D.C.Md.1965); *opposing a temporary restraining order, Atlanta K. & N. Ry. Co. v. Southern Ry. Co.*, 131 F. 657 (6th Cir. 1904), cert. denied, 195 U.S. 634, 25 S.Ct. 791, 49 L.Ed. 354 (1904); and stipulating that a court action would take place on a specific date, *Dri Mark Products, Inc. v. Meyercord Co.*, 194 F.Supp. 536 (S.D.N.Y. 1961), have not been held to constitute waiver. (Emphasis supplied). *Swan v. Community Relations-Social Dev. Comm'n, supra*, 374 F.Supp. at 12.

In this case, the plaintiffs premise their waiver contention essentially upon the position that the defendant, by submitting the issues for state court determination, elected to submit itself to state court jurisdiction and could not, therefore, remove the case after an unfavorable decision by that court on the merits. In support, plaintiffs rely essentially on the following cases: *O. G. Orr & Co. v. Fireman's Fund Ins. Co.*, 36 F.2d 378 (S.D.N.Y.1929); *Vendetti v. Schuster*, 242 F.Supp. 746 (W.D.Pa.1965); *Southwest Truck Body v. Collins*, 291 F.Supp. 658 (W.D.Mo.1968); *In re 73rd Precinct Station House, Borough of Brooklyn*, 329 F.Supp. 1175 (E.D.N.Y.1971).

However, a review of these cases convinces the Court that they are all inapposite. In each of these cases, the defendant, before seeking removal, had voluntarily taken affirmative action to submit issues for decision by the state court on the merits and after an adverse decision by the state court then sought to remove the matter to federal

court. Thus, waiver was predicated upon a finding that the defendant, before removal, had taken affirmative action to submit to the state court issues on the merits which could have resulted in the dismissal of the action in whole or in part.

On the other hand, in this case, the defendant merely took defensive action to avoid the temporary consequences of an *ex parte* temporary restraining order. Indeed, since the TRO was issued wholly ex parte, defendant's motion was essentially the same as availing itself of the right to resist and defend against an interlocutory order which would impose a temporary restraint upon defendant during all or a portion of any subsequent proceedings on the merits.

By its motion, the defendant merely sought to dissolve the temporary restraining order. The defendant neither requested nor received any final determination upon the ultimate merits of the controversy. The motion, even if it had been successful, did not seek and would not have had the effect of finally disposing of the merits or causing the dismissal of the case. If the motion had been successful, it would have resulted only in the elimination of the interlocutory restraint while leaving the basic issues pending for ultimate determination after trial. True, the defendant did raise in its brief in support of the motion to vacate some of the same issues which it relies upon in this Court in support of its summary judgment motion. But this is merely the normal method of resisting a TRO. By raising these issues, the defendant was merely attempting to show the unlikelihood of plaintiffs ultimately prevailing upon final judgment. Whatever the Court's finding upon the motion to vacate, it would not preclude a final determination by the Court upon those issues and would be, in no way, the law of the case or res judicata of such issues. Therefore, it is clear that this case is distinguishable from those cases relied upon by the plaintiffs.

In short, the record is clear that the defendant did not waive its right to remove this case to this Court by its actions in state court prior to removal. Whatever steps the defendant took with respect to the action in state court manifestly were preliminary in nature. As the case law makes clear, the right of removal is not lost by action in state court short of proceeding to an adjudication on the merits. 1A MOORE'S FEDERAL PRACTICE ¶ 0.159[9], at 127 (2d ed. 1974); *see also Universal Steel & Metal Co. v. Railco*, 465 F.Supp. 7, 10 (D.Vt.1978). Accordingly, the Court finds that the plaintiffs' motion for remand must be denied.

*Abstention*

Alternatively, the plaintiffs contend that the state issues concerning the applicability of Article XV, Section 13 of the Nebraska Constitution and Section 48–217 of the Nebraska Statutes should be separated and remanded to state court on the basis of the doctrine of abstention. They base this position on the contention that the state issues present difficult and unsettled issues of state law in which the state has a vital interest.

However, the Court does not believe that the abstention issue can be adequately considered at this time. This case raises problems of preemption which more than likely will be addressed as part of the defendant's summary judgment motion. If it turns out that all of the state claims and issues raised by the plaintiffs herein are preempted by federal law, any interpretation or application of state law will be unnecessary and the doctrine of abstention will be inapplicable. *See Air Transport Ass'n of America v. Crotti*, 389 F.Supp. 58 (N.E.Cal.1975); *see also Oquendo v. Dorado Beach Hotel Corp.*, 382 F.Supp. 516 (D.P.R. 1974). Under these circumstances, the Court does not believe that the abstention issue can be adequately considered until the preemption problem is more fully developed and determined.

Moreover, it should be noted that if abstention were applicable and the Court was to remand the state issues to state court for consideration, it would unduly bifurcate what are essentially integral state and federal claims and require their piecemeal litigation in both state and federal courts. Abstention is essentially a discretionary

doctrine, *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–1063, 3 L.Ed.2d 1163 (1958), and should not be applied where it would unreasonably result in bifurcation of the case and piecemeal litigation. *Commissioners of Highway v. United States*, 466 F.Supp. 745, 579 (N.D.Ill.1979). Therefore, even if abstention is applicable, the Court is not inclined to remand the state court issues.

Accordingly, the Court finds that, at least at this time, the plaintiffs' alternative motion for abstention should be denied.

An order shall issue contemporaneously herewith in accordance with this Memorandum Opinion.