Kwan LEE, Plaintiff,

v.

The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA and Mary K.
Bodniowycz, Defendants.

No. C–87–1038 SAW.

United States District Court,
N.D. California.

Nov. 17, 1987.

Bennett M. Cohen, Law Offices of Bennett M. Cohen, Damer & Stryker, El Granada, Cal., for plaintiff.

Cynthia Becker, Peter Romo, Jr., Adams, Duque & Hazeltine, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Defendants' motion for summary judgment and plaintiff's motion for leave to amend his complaint generate the issues now considered by the Court.

Plaintiff Kwan Lee alleges that in 1983 defendants Prudential Insurance Company ("Prudential") and Mary K. Bodniowycz, a Prudential employee, withheld benefits due under a health plan organized by Prudential for Kwan Lee's employer, the Bank of Montreal. The federal Employee Retirement Income Security Act of 1974 ("ERISA") regulates the plan. *See* 29 U.S. C. § 1002(1) et seq.

Kwan Lee originally brought this action in state court, alleging state common law claims and a claim under California Insurance Code section 790.03(h). Defendants removed to this Court.

Arguing that Kwan Lee's state claims are preempted under ERISA, defendants moved for summary judgment under Federal Rule of Civil Procedure 56 and for sanctions. Kwan Lee moved under Federal Rule of Civil Procedure 15(a) to amend his complaint to restate his common law claims as three ERISA claims for (a) denial of benefits, 29 U.S.C. § 1132(a)(1)(B), (b) breach of fiduciary duty, 29 U.S.C. § 1132(a)(2), and (c) failure to provide notice of administrative remedy, 29 U.S.C. §§ 1132(c) & 1133. His proposed amended complaint did not contain the section 790.-03(h) or the state common law claims. He later filed a modified proposed amended complaint which realleged the section 790.-03(h) claim.[1]

## I. SECTION 790.03(h) AND ERISA PREEMPTION

ERISA preempts all state law which "relates to ... employee benefit plans." 29 U.S.C. § 1144. However, ERISA contains a "saving clause" which provides that "nothing in this chapter shall be construed to exempt or relieve any person from any law of any State which *regulates* insurance, banking, or securities." *Id.* (emphasis added).

Clearly, section 790.03(h) relates to employee benefit plans since it prohibits unfair claims settlement practices.[2] *See Pilot Life Insurance Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (no dispute that state common law bad faith breach claim relates to benefit plan under preemption clause's expansive

sweep). Unless section 790.03(h) falls within the ERISA saving clause, Kwan Lee's claim under that section is barred.[3]

In evaluating whether a state law falls within the saving clause, *Pilot Life* followed the analysis in *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) (upholding Massachusetts law requiring insurance companies to provide mental health coverage in all health insurance policies). *Pilot Life* first examined the "common-sense view" of the saving clause language and then discussed whether the law at issue regulated the "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011 et seq. In addition to these two *Metropolitan Life* criteria, the Court stated that because the state law action sought remedies for improper processing of a claim for benefits under an ERISA plan, an "understanding of the saving clause must be informed by the legislative intent concerning the civil enforcement provisions provided by ERISA." *Pilot Life,* 107 S.Ct. at 1555.

### A. *Common-Sense View*

■ The Court held that a state law falls within the saving clause language ("regulates insurance") only if it is "specifically directed toward the insurance industry." *Id.* at 1554. Section 790.03(h) qualifies because it prohibits fifteen unfair claims settlement practices. *See generally* Cal.Ins. Code § 790 (West 1972) (purpose is to regulate trade practices in the insurance business).

### B. *Business of Insurance Under the McCarran–Ferguson Act*

■ Three criteria are relevant for determining whether a state law regulates the

---

1. Because Kwan Lee does not allege state common law claims in his latest proposed complaint, defendants' summary judgment motion is moot as to them.

2. California Insurance Code section 790.03(h) (West Supp.1986) prohibits "knowingly committing or performing with such frequency as to indicate a general business practice" fifteen unfair claims settlement practices. This section provides a private cause of action for the full range of tort remedies, including general and

punitive damages. *Royal Globe Insurance Co. v. Superior Court of Butte County,* 23 Cal.3d 880, 885, 153 Cal.Rptr. 842, 592 P.2d 329 (1979).

3. Judge Rymer of the Central District addressed this same question after the *Pilot Life* decision. *Roberson v. Equitable Life Assurance Society of the United States,* 661 F.Supp. 416 (C.D.Cal. 1987). She found that ERISA completely preempts claims under section 790.03(h) for reasons more fully addressed below.

"business of insurance" under the McCarran–Ferguson Act:

> [F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.

Pilot Life, 107 S.Ct. at 1553–54 (quoting Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 129, 102 S.Ct. 3002, 3003, 73 L.Ed.2d 647 (1982)) (emphasis in original).

Section 790.03(h) does not limit or modify the risk assumed either by the insurance company or the insured. Risk in this context involves loss spreading "so as to enable the insurer to accept each risk at a slight fraction of the possible liability on it." Union Labor, 458 U.S. at 127, 102 S.Ct. at 3007. How the insurer processes claims in compliance with section 790.03(h) has little or no influence on the insurer's determination of which potential customers are reasonable risks to insure.

As to the second "business of insurance" criterion, section 790.03(h) does affect an integral part of the policy relationship between the insurer and the insured. This relationship involves the "type of policy which could be issued," as well as "its reliability, interpretation, and enforcement." Union Labor, 458 U.S. at 128, 102 S.Ct. at 3008 (quoting SEC v. National Securities, Inc., 393 U.S. 453, 460, 89 S.Ct. 564, 568, 21 L.Ed.2d 668 (1969)) (emphasis added). Section 790.03(h) explicitly mandates the manner in which insurers shall settle claims, and therefore is specifically directed to the enforcement of the insurance policy.[4]

Section 790.03(h) also satisfies the last criterion of the "business of insurance" test, since it is directed solely to insurance companies.

"None of these criteria is necessarily determinative in itself." Union Labor, 458 U.S. at 129, 102 S.Ct. at 3008. Because section 790.03(h) is aimed solely at the relationship between the insurer and the insured and because processing of claims is a significant part of the insurance business, section 790.03(h) regulates the "business of insurance." National Securities, 393 U.S. at 460, 89 S.Ct. at 568.

In summary, under Pilot Life's commonsense view and business of insurance criteria, section 790.03(h) regulates insurance and is within the saving clause.

## C. Civil Enforcement Provisions of ERISA

■ In addition to analyzing the saving clause under the two Metropolitan Life criteria, which the state law at issue did not meet, Pilot Life examined the legislative history of ERISA. The Court found that Congress' careful drafting of the civil enforcement provision, 29 U.S.C. § 1132, and the balancing of policies contained therein, "argue[d] strongly" for the conclusion that ERISA's remedies are exclusive. Pilot Life, 107 S.Ct. at 1557; Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed. 2d 96 (1985) (ERISA's civil enforcement provisions "provide strong evidence that Congress did not intend to authorize other remedies"). Further, the Court found,

---

4. In contrast, Roberson found that 790.03(h) is not integral to the relationship between the insurer and the insured. 661 F.Supp. at 422–3. Roberson focuses on the word "integral" in Pilot Life, but does not examine the origin or the context of this language. Both Union Labor and National Securities discuss what is integral to the policy relationship:

> [W]hatever the exact scope of the statutory term ["business of insurance"], it is clear where the focus was—it was on the relationship between the insurance company and the policyholder. Statutes aimed at protecting or regulating this relationship, directly or indirectly, are laws regulating the "business of insurance."

National Securities, 393 U.S. at 460, 89 S.Ct. at 568. Section 790.03(h) similarly focuses on the policy relationship.

Roberson also reasoned that section 790.03(h) does not regulate the substance of the contract, but regulates the procedure, and "hence does not regulate the 'business of insurance'" under the McCarran–Ferguson Act. 661 F.Supp. at 422. This distinction is not found in cases construing that Act. The proper focus is on the relationship, not whether a regulation is arguably procedural or substantive.

Congress intended ERISA's scope of preemption to be as broad as preemption under the Labor–Management Relations Act, section 301, which occupies its field. *Pilot Life*, 107 S.Ct. at 1557. From this, the Court concluded that Congress intended the ERISA civil enforcement scheme to be the exclusive vehicle for ERISA participants asserting improper processing of benefit claims. Accordingly, even though section 790.03(h) regulates insurance under the *Metropolitan Life* criteria, the *Pilot Life* exclusivity analysis mandates that ERISA's civil enforcement scheme displace Kwan Lee's claim under section 790.03(h). Therefore, the Court grants summary judgment as to that claim.[5]

## II. PROPOSED ERISA CLAIMS

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, leave should not be granted if the proposed claim is legally insufficient or clearly frivolous on its face. *Id.;* Wright & Miller, *Federal Practice & Procedure: Civil* § 1487 (1971). Defendants oppose all three of Kwan Lee's proposed ERISA claims on the ground of exhaustion and oppose each claim individually as legally insufficient.

### A. *Exhaustion Requirement of ERISA Claims*

■ Kwan Lee's first ERISA cause of action, which names only Prudential, seeks to recover benefits allegedly due under the Bank of Montreal plan pursuant to 29 U.S. C. § 1132(a)(1)(B). ERISA does not require exhaustion of administrative remedies for claims to recover benefits. However, in the Ninth Circuit exhaustion is a jurisdictional prerequisite. *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir.1980). This requirement is not absolute, but is subject to discretionary exceptions. Indeed, "there are occasions when a court is obliged to exercise its jurisdiction and is guilty of an abuse of discretion if it does not...." *Amato*, 618 F.2d at 568 (quoting *Winterberger v. General Teamsters Auto Truck Drivers and Helpers Local Union 162*, 558 F.2d 923, 925 (9th Cir.1977)).

■ The Ninth Circuit has recognized inadequacy or futility of administrative remedies as circumstances justifying exception to the exhaustion requirement. *Amato*, 618 F.2d at 568. Kwan Lee alleges inadequacy, but no facts supporting this claim. However, because the parties have litigated and conducted discovery for close to three years, administrative remedies, which provide for recovery of the denied benefits only, may be inadequate. Under ERISA, by contrast, Kwan Lee may be able to obtain attorney's fees and collect a civil penalty.

Kwan Lee alleges that administrative review is also futile because Prudential would not review his claim in good faith. Supporting this contention, he alleges that (a) Prudential did not give notice to him of his right to a review, (b) Prudential twice demanded before suit that he repay benefits "mistakenly paid," (c) Prudential filed a "cross-complaint" for recovery of those benefits, (d) Prudential moved for summary judgment three months after service of the complaint, (e) Prudential moved in 1987 for summary judgment, (f) Prudential's former director of group claims reviewed Prudential's claims procedures and stated that Kwan Lee's appeal would be denied, and

---

5. The Court holds only that Kwan Lee's private right of action under section 790.03(h) is preempted. *Roberson* holds that the substantive regulation itself is preempted, citing *Pilot Life*. 661 F.Supp. at 424. *Pilot Life*, however, expressly limits itself to the issue of civil enforcement by "ERISA-plan participants and beneficiaries." 107 S.Ct. at 1555. It does not address the question of *state* enforcement of insurance regulations.

Moreover, preempting state enforcement of its laws directed at claims settlement practices goes against the purpose of the saving clause, which is to ensure that the states may continue to regulate the business of insurance. *Metropolitan Life*, 471 U.S. at 744 n. 21, 105 S.Ct. at 2392 n. 21. While private civil remedies may not directly serve that purpose, surely state enforcement does. Looking to "the role of the saving clause in ERISA as a whole," as *Pilot Life* does, 107 S.Ct. at 1555, it seems that *Roberson* went too far.

(g) Prudential does not recognize the legitimacy of claims by individuals who work in pain or danger, or contrary to common prudence—a condition which is alleged here.

In addition, Kwan Lee asserts that Prudential's failure to notify him of his right to administrative review in itself justifies an exception to the exhaustion requirement. Finally, he alleges that prior to *Pilot Life* his state common law claims were cognizable in state court, which did not require exhaustion, and therefore the Court should not require exhaustion as to the analogous ERISA claims.

In light of his contentions supporting the Court's discretionary jurisdiction, Kwan Lee's proposed first ERISA cause of action is not insufficient as a matter of law. Therefore, failure to exhaust does not defeat that proposed claim.

■ As to the second and third proposed ERISA claims against both Prudential and Mary K. Bodniowycz, because the claims allege violations of ERISA statutes, and not rights under ERISA for which ERISA provides an administrative forum, 29 U.S.C. § 1133(2), exhaustion is not required. *Amaro v. Continental Can Co.*, 724 F.2d 747, 752 (9th Cir.1984) (no exhaustion required for action alleging violation of ERISA statute, 29 U.S.C. § 1140).

### B. *First Cause of Action: Recovery of Benefits*

■ ■ Prudential contends that under 29 U.S.C. § 1132(a)(1)(B), ERISA permits the recovery of benefits against only the health plan as an entity. Therefore, Kwan Lee has improperly asserted this claim against Prudential, which is not the plan.[6] *Gelardi*

*v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-5 (9th Cir.1985). *Gelardi* drew a distinction between suing a plan for benefits and suing a fiduciary for breach of fiduciary duty. However, the *Gelardi* distinction was unnecessary to its holding, and a close reading of the statute does not support that distinction.[7] *See Russell*, 473 U.S. at 146-47, 105 S.Ct. at 3092-93 (participant may recover benefits from a plan administrator); *Eversole v. Metropolitan Life Insurance Co., Inc.*, 500 F.Supp. 1162, 1166 (C.D.Cal.1980) (overruled on other grounds) (plaintiff may bring action for benefits against fiduciary). Kwan Lee may therefore amend the complaint to include his proposed first ERISA claim.

### C. *Second Cause of Action: Breach of Fiduciary Duty*

■ Kwan Lee alleges breach of fiduciary duty by defendants as to himself, participants and beneficiaries in his plan, and participants and beneficiaries in other plans administered by Prudential. 29 U.S.C. §§ 1109, 1132(a)(2). Defendants contend that Kwan Lee "has no standing to allege causes of action concerning other employee benefit plans or to seek such related remedies." Defendants' Opposition Memorandum to Plaintiff's Motion to Amend at 12. One standing requirement under ERISA is that plaintiff must suffer an injury in fact. *Fentron Industries v. National Shopmen Pension Fund*, 674 F.2d 1300 (9th Cir. 1982). Kwan Lee alleges no such injury related to other plans and defendants' alleged breach of fiduciary duty.

In *Freeman v. Jacques Orthopaedic & Joint Implant Surgery*, 721 F.2d 654, 655 (9th Cir.1983), the court held that the lan-

---

**6.** Section 1132(a) provides:

A civil action may be brought—
(1) by a participant or beneficiary—
  (A) for the relief provided for in subsection (c) of this section, or
  (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(2) by the Secretary, or by the participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title.

**7.** Prudential contends its reading of subsection (a)(1)(B) is supported by subsection (d)(1), which states in part that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." Defendants Opposition to Plaintiff's Motion to Amend First Amended Complaint at 17. However, while subsection (d)(1) allows claims against the plan, nothing in the provision indicates that such actions are exclusive.

guage authorizing a civil action "by a participant or beneficiary" to recover benefits requires that plaintiff be a participant or beneficiary of the plan under which he claims. While Kwan Lee's claim involves breach of fiduciary duty under section 1132(a)(2), that subsection similarly limits potential plaintiffs using the words "participant" and "beneficiary".

Furthermore, ERISA's legislative history suggests that Congress intended breach of fiduciary duty claims against only the plan under which participants suffered from the breach. H.R.Conf.Rep. No. 1280, p. 327, 93d Cong., 2d Sess. (1974), *reprinted in,* 3 Leg.Hist. 4594. In contrast, Congress intended to vest the Secretary of Labor with broad public powers to enjoin "practices" by fiduciaries which violate ERISA provisions. *Id.* To allow Kwan Lee to maintain an action on behalf of other plans, under which he is neither a beneficiary nor participant and through which he has no fiduciary relationship with defendants, would eviscerate the requirement of standing and invade the sphere of public enforcement delegated to the Secretary.

In light of the foregoing, the Court concludes that Kwan Lee may not assert the interests of other plans, and to the extent that his proposed second ERISA claim attempts to do so, leave to amend is denied.[8] Because defendants are no longer fiduciaries to the Bank of Montreal's plan, Kwan Lee's prayer for removal of defendants as fiduciaries is moot, and leave to amend in that respect is also denied.

■ Defendant Bodniowycz also disputes Kwan Lee's allegation that she is a fiduciary as defined by 29 U.S.C. § 1002(21)(A). However, this is a factual question. For purposes of amending his complaint, Kwan Lee's allegation is sufficient. Therefore, leave to amend against Bodniowycz is also granted subject to the restrictions discussed above.

### D. *Third Cause of Action: Failure to Provide Notice of Appeal*

■ Kwan Lee alleges that because defendants failed to notify him of his right to an administrative appeal as provided by 29 U.S.C. § 1133, he is entitled to damages under ERISA's civil penalty provision, 29 U.S.C. § 1132(c).[9] Defendants contend that such a violation does not justify civil penalties unless Kwan Lee first made a specific request for information. *See, e.g., Beemis v. Hogue,* 635 F.Supp. 1100 (E.D. Mich.1986) (only upon request for informa-

---

8. Kwan Lee asserts standing through his participation in a larger "plan" administered by defendants for many employers, of which the Bank of Montreal was a member. Essentially, he contends, the Bank of Montreal and other employers purchased insurance for their employees from a "plan" organized and managed by defendants, and therefore the employers did not individually create and manage ERISA plans. Because the Bank of Montreal's plan is merely a vehicle through which he participates in this larger "plan," Kwan Lee contends he has standing to assert breach of fiduciary duty as to this "plan." However, such a sweeping definition of "plan" contradicts ERISA. Under 29 U.S.C. § 1002(1), "plan" is defined through the employer-employee relationship:

> By definition, then, a welfare plan requires (1) a "plan, fund, or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits ... (5) to participants or their beneficiaries.

*Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982). A participant is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). Because Kwan has not alleged an employer-employee relationship between himself and defendants, the Court cannot conclude that Kwan Lee is a participant of any plan other than the Bank of Montreal's. The fact that the Bank of Montreal purchased insurance from defendants does not change this analysis, since a plan may either self-insure or purchase insurance for its participants. *Metropolitan Life,* 471 U.S. at 732, 105 S.Ct. at 2385. Accordingly, "plan," as alleged in the complaint, may only refer to the Bank of Montreal's plan.

9. Section 1132(c) provides in pertinent part:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required ... to furnish to a participant ... by mailing the material requested ... within thirty days after such request may in the court's discretion be personally liable to such participant ... in the amount of up to $100 a day from the date of such failure or refusal.

tion explaining denial of benefits, and failure to provide that information, is the recipient entitled to civil penalty). However, Kwan Lee's reply brief alleges that he did request information concerning denial of benefits and that defendants' response was inadequate in failing to inform him of his right to administrative review. Plaintiff's Reply Brief to Defendants' Opposition to Plaintiff's Motion to Amend the Complaint at 9. The Court finds this claim not clearly insufficient. Therefore, Kwan Lee may amend his complaint provided he also allege his request for information.

However, the civil penalty may only be recovered against an "administrator," and because Kwan Lee has not alleged that defendant Bodniowycz is an "administrator," his proposed third ERISA claim against her is allowed only in so far as he seeks relief other than a civil penalty. 29 U.S.C. § 1002(16), 29 U.S.C. § 1132(c).[10]

## III. SANCTIONS

■ Defendants contend they are entitled to sanctions and attorney's fees of $1,500 because of opposing counsel's bad faith conduct. Defendants allege they informed Kwan Lee of the *Pilot Life* decision in a letter dated May 4, 1987, and that he should have voluntarily dismissed his state claims, rather than delay. This delay allegedly caused defendants to bring an unnecessary summary judgment motion at substantial cost.

However, Kwan Lee sought leave to amend his complaint the day after defendants' summary judgment motion was filed and six weeks after the date of the alleged letter. The delay does not seem unreasonable in light of ERISA's complexities. Therefore, the motion for sanctions is denied.

Accordingly,

IT IS HEREBY ORDERED:

1. Defendants' motion for summary judgment is GRANTED as to plaintiff's section 790.03(h) cause of action.
2. Defendants' motion for sanctions is DENIED.
3. Plaintiff's motion for leave to amend is GRANTED in part, DENIED in part.

a. As to plaintiff's first cause of action for recovery of benefits, the motion is GRANTED.

b. As to plaintiff's second cause of action for breach of fiduciary duty, the motion is GRANTED, but only as to defendants' fiduciary relationship with the Bank of Montreal plan; leave to seek removal of defendants as fiduciaries is DENIED.

c. As to plaintiff's third cause of action for failure to provide notice of administrative remedy, the motion is GRANTED as to defendant Prudential, but DENIED as to defendant Bodniowycz in so far as the action seeks to recover a civil penalty against her.

---

10. Section 1002(16)(A) defines administrator as:

(i) The person specifically so designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.