■ RAYMOND W. KIRCHOFF et al., Respondents, v INTERNATIONAL HARVESTER COMPANY et al., Appellants, and H. L. GAGE SALES, INC., et al., Respondents. (And Three Third-Party Actions.)—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered February 9, 1987 in Saratoga County, which denied a motion by defendants International Harvester Company and Carswell Truck Center, Inc., for summary judgment dismissing the complaint and cross claims against them.

Plaintiff Raymond W. Kirchoff suffered personal injuries when thrown from a truck, in which he was riding as a passenger, as it flipped over following a brake failure on an icy road. Included among defendants in the action subsequently brought by Kirchoff and his wife are International Harvester Company (hereinafter Harvester), the manufacturer of the truck, and Carswell Truck Center, Inc. (hereinafter Carswell), the dealership which sold the truck to Kirchoff's employer. The complaint, insofar as it is directed at Harvester and Carswell, asserts theories of strict products liability. Plaintiffs maintain that the accident was proximately brought about by (1) a hole in the brake line which caused the single service brake system to fail, (2) the absence of a functional emergency brake, (3) the lack of seat belts, and (4) the defective and unsafe design of the truck, in that, when sold, it was not equipped with a dual braking system.

Harvester moved for summary judgment, urging that subsequent alterations made to the truck after it left Harvester's control, *inter alia,* removal of the emergency brake handle, removal of the seat belts and incapacitation of safety features that prevented the brake line from rubbing against the chassis (the cause of the hole in the brake line), were the proximate causes of the accident, and, therefore, it was free of liability as a matter of law. Plaintiffs replied that a dual brake system, which provides braking power to the front wheels even in the event of a rear wheel brake line failure, would have prevented this unfortunate occurrence and that a similar accident, of which Harvester was aware, imposed on it the duty to warn. Supreme Court denied Harvester's motion and, after receiving and reviewing memoranda from counsel on a discovery issue, granted plaintiffs' cross motion for fur-

ther discovery. No appeal was taken from this order, entered May 11, 1984. Upon completion of discovery, Harvester and Carswell, whose alleged liability is predicated solely on Harvester's liability, moved for summary judgment in their favor. When their motion was denied they brought on this appeal, which plaintiffs thereupon moved to dismiss claiming, *inter alia,* the order was not appealable. This court denied plaintiffs' motion without prejudice. Upon full development of the issue, we now conclude that Harvester's and Carswell's appeal should be dismissed.

The instant appeal is from an order explicitly denying leave to reargue; such an order is not appealable *(see, Alessi v County of Nassau,* 100 AD2d 561, 562; Siegel, NY Prac § 254, at 314). It is of no moment that Supreme Court in its decision ambiguously characterized the motion as one for "permission to reargue or renew the prior motion", for the appeal is from the order *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5512:1, at 130-131). Harvester's and Carswell's contention that their motion was in fact a motion to renew is not persuasive. The record discloses Harvester and Carswell to be relying upon the same legal theory and offering little new material information, as required of a motion to renew *(see, Matter of Hooker v Town Bd.,* 60 AD2d 684, 685). Furthermore, since the information offered does little more than expand upon the extent to which alterations were made to the truck subsequent to its sale and does not diminish the force of plaintiffs' defective design claims *(see, Sage v Fairchild-Swearingen Corp.,* 70 NY2d 579), Harvester and Carswell have not demonstrated that this purportedly newly discovered evidence would have warranted a different result *(Matter of Banow v Simins,* 53 AD2d 542, *appeal dismissed* 40 NY2d 989).

Even if we were to reach the merits, this appeal would be unsuccessful, for plaintiffs make out a prima facie case in strict products liability *(see, Spinosa v International Harvester Co.,* 621 F2d 1154; *see also, Sage v Fairchild-Swearingen Corp., supra)* and Harvester and Carswell have not carried their burden of proving that material triable factual issues do not exist.

Appeal dismissed, with costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.