■ KATHLEEN AMBROSINO, Appellant, v AETNA LIFE INSURANCE COMPANY, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered August 10, 1988 in Sullivan County, which denied plaintiff's motion for reargument.

Throughout this appeal, the parties have characterized the motion underlying the order appealed from as a motion to reargue. Viewed in that context, the appeal must be dismissed for an appeal does not lie from an order denying a motion to reargue *(Cherchio v Alley,* 111 AD2d 541, 542; *Frankel v Frankel,* 87 AD2d 658). While a principal reason plaintiff gives for asking Supreme Court to reconsider its decision, namely "that controlling precedent has been handed down by the Court of Appeals since the decision on the motion", might well warrant granting reargument *(see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.04), significantly, the Court of Appeals decision upon which plaintiff relies does not require a different determination from that initially reached by Supreme Court. And, insofar as plaintiff purportedly sought to bring to the attention of Supreme Court facts which were not submitted on

the earlier motion, it is enough to note that these additional facts were previously known to plaintiff and add no new information to that which was already before the court *(see, Kirchoff v International Harvester Co.,* 138 AD2d 820, 821).

Appeal dismissed, with costs. Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

Kane, J. P., dissents and votes to reverse in a memorandum. Kane, J. P. (dissenting). I respectfully dissent because, in my view, we should grant plaintiff's motion as one to renew and subsequently address the merits of this case.

Plaintiff suffered a disabling injury in 1983 while employed by the Connecticut National Bank (hereinafter Bank) in Hartford, Connecticut. The Bank had an employee benefit plan, including disability benefits, which was administered by defendant. Defendant made disability payments to plaintiff until 1987, when, as alleged by plaintiff, defendant wrongfully terminated her benefits. Plaintiff commenced a breach of contract action seeking restoration of payments and damages. Defendant moved to dismiss the complaint, arguing, *inter alia,* that plaintiff's complaint failed to state a cause of action.

Supreme Court found that the contract at issue was an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.;* hereinafter ERISA). Pursuant thereto, it dismissed, as preempted by Federal law, all but plaintiff's cause of action to recover disability payments, finding that cause of action cognizable under 29 USC § 1132 (a) (1) (B), which allows a plan beneficiary to sue for recovery of benefits due him. Although it found that defendant could not be excluded, as a matter of law, as a fiduciary of the benefit plan and that therefore it may be a proper party to the action, Supreme Court did grant defendant's motion to dismiss, without prejudice, with leave to plaintiff to amend the complaint to include the Bank as the proper party against whom plaintiff should seek recovery of benefits. Plaintiff then moved for reargument, the denial of which resulted in this appeal and the majority's dismissal.

At issue, on the merits, is whether a benefits plan beneficiary can commence an action for disability payments pursuant to 29 USC § 1132 (a) (1) (B) solely against a plan fiduciary and without naming the plan itself as a defendant. Supreme Court found that plaintiff's ERISA cause of action for benefits due (29 USC § 1132 [a] [1] [B]) could only be brought against the plan itself. I disagree. It is initially noted that Supreme Court's reliance on *Gilbert v Burlington Indus.* (765 F2d 320,

*affd* 477 US 901) is misplaced. In my view, nothing contained in the *Gilbert* decision requires that an action to recover benefits due pursuant to 29 USC § 1132 (a) (1) (B) be limited as against only the plan itself. I would similarly take issue with Supreme Court's reliance on the Ninth Circuit's decision in *Gelardi v Pertec Computer Corp.* (761 F2d 1323). Although *Gelardi* distinguished suits against a plan for benefits with suing a plan fiduciary for breach of a fiduciary duty, a finding that each cause of action is exclusive was not essential to its holding and, in my view, not supportable by any fair interpretation of the statute *(see, supra,* at 1324-1325; *see also,* 29 USC § 1132 [a] [1] [B]; *Kwan Lee v Prudential Ins. Co.,* 673 F Supp 998, 1003). While 29 USC § 1132 (d) (1) allows for an employee benefit plan to "sue or be sued under this title as an entity", I find nothing in that language that limits suits for benefits pursuant to section 1132 (a) (1) (B) against the plan exclusively *(see, Kwan Lee v Prudential Ins. Co., supra; Eversole v Metropolitan Life Ins. Co.,* 500 F Supp 1162, 1166). On the contrary, allowing ERISA suits for recovery of benefits against fiduciaries who exercise administrative decision-making powers over the plan *(see,* 29 USC § 1002 [21] [A]) would effectuate the statute's purpose to "protect * * * participants in employee benefit plans * * * by establishing standards of conduct, responsibility, and obligation for fiduciaries * * * and * * * providing for appropriate remedies" (29 USC § 1001 [b]; *see, Pilot Life Ins. Co. v Dedeaux,* 481 US 41, 44). Accordingly, to the degree that Supreme Court found defendant to be a proper party as a plan fiduciary, plaintiff could have asserted a claim pursuant to ERISA for benefits due under the plan *(see, Kwan Lee v Prudential Ins. Co., supra; Eversole v Metropolitan Life Ins. Co., supra).* I would, therefore, reverse that part of Supreme Court's order as would require naming the Bank as defendant.