■ GREAT COMMISSION, INC., Appellant, v NORTHEASTERN COMMUNICATIONS, INC., et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered February 21, 1989 in Albany County, which, *inter alia*, (1) denied plaintiff's motion for summary judgment in lieu of complaint, and (2) denied plaintiff's motion to reargue and renew.

Devine Broadcasting Company (hereinafter Devine) agreed to sell an Albany County radio station to defendant Northeastern Communications, Inc.[1] in 1984. Apparently as part of the transaction, Devine executed a restated note dated February 1, 1985 for $576,000 in favor of the Small Business Administration (hereinafter SBA), which apparently had provided financing to Devine. In an assumption agreement also dated February 1, 1985, defendant agreed to assume this debt to SBA. Through various transfers, SBA conveyed its interest in the restated note to plaintiff. Defendant has since ceased payments provided for by the restated note and plaintiff has accelerated payments due in accordance with its terms. When payment was not made, plaintiff commenced this action by notice of motion for summary judgment in lieu of complaint (CPLR 3213). Defendants opposed the motion.[2] Supreme Court denied the motion, finding questions of fact concerning plaintiff's status as a holder in due course and the applicability of defenses raised by defendants. Plaintiff then moved to reargue and renew, which motion was also denied. This appeal followed.

1. The individual defendants are individual guarantors of the disputed restated note. Our references to defendant are to the corporate defendant although the interests of all defendants are closely related.

2. Cross motions by defendants were made and resolved and do not concern us.

Initially, the motion to renew and reargue fails to allege any new facts and, therefore, must be considered a motion to reargue, the denial of which is not subject to appeal *(see, Ambrosino v Aetna Life Ins. Co.,* 157 AD2d 993; *Gray v Steger,* 150 AD2d 962, 964; *Vernooy v Vernooy,* 138 AD2d 913). Thus, this aspect of the appeal will not be considered.

Turning to the merits, we agree with Supreme Court that there are questions of fact precluding summary judgment in favor of plaintiff. Defendants have submitted the affidavit of Gail Ann Ouderkirk, Devine's office manager, which shows that Devine may have perpetrated a fraud in the sale of the radio station by overstating the amount of sales and other figures. There is other evidence that plaintiff's predecessors, including Devine, knew about the claims of fraud. These facts raise material issues as to whether plaintiff took the note without notice of any defense to it and thus is a holder in due course (UCC 3-302 [1] [c]) and the efficacy of any fraud defense which may be available if plaintiff's status as a holder in due course is not established *(compare,* UCC 3-305, *with* UCC 3-306).

Plaintiff argues that any fraud was perpetrated by Devine with regard to the sale of the radio station and should not affect its ability to recover on the restated note since it is separate and distinct from any purchase agreement *(see, First Family Mtge. Corp. v Lubliner,* 113 AD2d 868). Despite the accuracy of the law as stated by plaintiff, there are issues of fact about whether the restated note was separate and distinct from the purchase agreement for the radio station. For example, the assumption agreement states that the underlying consideration "is the conveyance by [Devine]", thereby raising some suggestion that the restated note and transfer of the radio station were intended to be related. Indeed, it appears that defendant may have entered into the purchase agreement and assumed the obligations of the restated note only because of the alleged fraudulent misrepresentations of Devine. Under such circumstances, the restated note may be materially related to the underlying purchase transaction. It appears to us that there are material questions of fact to be resolved by a jury.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.