pursuant to CPLR 3025 (b), "it is incumbent upon a movant to make 'some evidentiary showing that the claim can be supported' " *(Mathiesen v Mead,* 168 AD2d 736, 737, quoting *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135). Here, the motion was supported only by an unsworn document of counsel, who lacked personal knowledge of the facts. That document was insufficient to warrant the relief sought *(see, Santoro v Oppman,* 150 AD2d 667, 668; *Bonanni v Straight Arrow Publs.,* 133 AD2d 585, 588). In view of our determination, we do not address the remaining issues raised by the parties. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Amended Answer.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.

■ EUGENE MATHEWS, Respondent, v VISUAL THERMOFORM-ING, Respondent, and PRESCOTECH A COMPANY OF TENNETICS, INC., Appellant. (Appeal No. 2.)—Appeal unanimously dismissed without costs. Memorandum: The motion, denominated by defendant Prescotech A Company of Tennetics, Inc. and Supreme Court as one to "reargue and/or renew", was in fact a motion to reargue. No appeal lies from an order denying reargument *(see, Matter of Hurley v Avon Cent. School Dist.,* 187 AD2d 982 [decided herewith]; *Kirchoff v International Harvester Co.,* 138 AD2d 820, 821; *Matter of Jones v Marcy,* 135 AD2d 887, 888). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Reargument.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROSENFELD, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed *(see, People v Cicero,* 100 AD2d 627). (Appeal from Judgment of Onondaga County Court, Burke, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROSENFELD, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant has failed to preserve for our review his contention that he was deprived of a fair trial by the cumulative effect of improper comments made by the prosecutor during summation *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324; *People v Dunn,* 158 AD2d 941, *lv denied* 76 NY2d 734) and we decline to review the issue in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County