Timothy F. WIGGINS, Plaintiff,

v.

The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. C91–0276.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Feb. 19, 1993.

Richard A. Pundt, Luehrsmann & Pundt, Cedar Rapids, IA, for Timothy F. Wiggins.

Sean W. McPartland, Hugo C. Burdt, Lynch, Dallas, Smith & Harman, Cedar Rapids, IA, for Guardian Life Ins. Co. of America.

## ORDER

MELLOY, Chief Judge.

This matter appears before the court on Plaintiff's resisted Motion To Dismiss Petition For Removal. The following opinion and order denies the Plaintiff's motion.

### Background

The Defendant is an insurance company doing business in Iowa. In August of 1988 the Defendant issued a group insurance policy to the Rick Miller Construction Company. The Plaintiff, an employee of the Rick Miller Construction Company, was an eligible employee under the group insurance policy.

In August of 1989 the Plaintiff alleges that he had to undergo emergency medical treatment, surgery, and a lengthy hospitalization for an acute bowel obstruction. After his stay in the hospital, the Plaintiff submitted a claim to the Defendant. The Defendant processed the Plaintiff's claim. The Plaintiff did not agree with the Defendant's award and filed a complaint against the Defendant in the District Court of Iowa in and for Linn County on July 24, 1991. The Plaintiff's complaint alleged that the Defendant "willfully and wantonly refused to pay all the medical benefits to which the Plaintiff was entitled under the plan." The Plaintiff further alleged that the Defendant "committed bad faith in dealing with the legitimate claim of the Plaintiff."

419

In response, the Defendant petitioned this court to remove the Plaintiff's case to the United States District Court for the Northern District of Iowa. The Plaintiff resisted and filed the motion currently before the court. The Defendant argues that the Plaintiff's complaint falls within the purview of 29 U.S.C. § 1001, *et seq.,* the Employee Retirement Income Security Act (ERISA) and, as such, invokes federal jurisdiction. *See* 29 U.S.C. § 1132.

The Plaintiff disagrees. The Plaintiff contends 1) that Iowa insurance law governs this case—not ERISA; 2) that federal jurisdiction would not apply since the amount in controversy does not exceed $50,000; and 3) that the Defendant waived its right to removal by filing an acceptance of service in the state court.

## ERISA

■ The Employee Retirement Income Security Act ("ERISA") comprehensively regulates employee pension and welfare plans. Title 29 U.S.C. § 1002(1) defines an employee welfare benefit plan as "any plan, fund or program which ... is maintained by an employer ... for the purpose of providing ... [employees with] medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The statute sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibilities. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 2897, 77 L.Ed.2d 490 (1983)). As part of this closely integrated regulatory scheme, the Congress included various safeguards to prevent abuse. Prominent among these safeguards is a provision of particular relevance to this case: 29 U.S.C. § 1144, ERISA's broad preemption provision. *Ingersoll–Rand,* 498 U.S. at 137, 111 S.Ct. at 482.

29 U.S.C. § 1144(a), the "preemption clause", preempts "any and all State laws in so far as they may now or hereafter *relate to* any employee benefit plan" covered by ERISA. *Id.* (emphasis added). The United States Supreme Court has consistently affirmed the broad preemptive scope of ERISA and the prohibition of even indirect state action relating to self-funded employee benefit plans. *See, e.g., FMC Corp. v. Holliday,* 498 U.S. 52, 56, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985); *Shaw,* 463 U.S. at 98–99, 103 S.Ct. at 2901; *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981). In explaining the scope of the "relates to" language of the preemption clause, the Supreme Court has stated the following:

A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Under this "broad common-sense meaning," a state law may "relate to" a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements.

*Ingersoll–Rand,* 498 U.S. at 139, 111 S.Ct. at 483 (citations omitted).

An exception to this general preemption provision is found in 29 U.S.C. § 1144(b)(2)(A). This section, known as the "insurance saving clause," exempts state laws regulating insurance, banking, or securities from the preemption clause. 29 U.S.C. § 1144(b)(2)(A). The scope of the "insurance saving clause" is limited, however, by the "deemer clause" which makes clear that "a state law that purports to regulate insurance" cannot deem an employee benefit plan to be an insurance company. 29 U.S.C. § 1144(b)(2)(B); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987).

While the preemption, saving, and deemer clauses may not "be model[s] of legislative drafting," *FMC Corp.,* 498 U.S. at 407, 111 S.Ct. at 407 (quoting *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985)), actual application of the three clauses is

straightforward. The "preemption·clause" establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA. The "saving clause" returns to the States the power to enforce those state laws that "regulate insurance," except as provided in the deemer clause. *FMC Corp.*, 498 U.S. at 56, 111 S.Ct. at 407.

An examination of recent Supreme Court cases illustrates the Court's expansive view of the "relates to" language of the preemption clause and, conversely, the Court's restrictive view of the insurance savings clause. In *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Court ruled that state common law contract and tort claims arising from an employer's termination of disability benefits were preempted by ERISA and removable from state to federal court. In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Court went further, holding that ERISA preempts all state common law causes of action based on the alleged improper processing of a claim for benefits. In *Pilot Life* the plaintiff sought contract damages, tort damages for mental and emotional distress, and punitive damages, but failed to assert any ERISA causes of action. All of the plaintiff's claims were held preempted. In *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), the Court held that ERISA preempts a state law precluding employee welfare benefit plans from exercising subrogation rights on a claimant's tort recovery. And ·in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Court held that a state common law cause of action based on an alleged wrongful discharge, which sought punitive damages and recovery for future lost wages and mental anguish rather than lost pension benefits, was also preempted by ERISA. In short, "ERISA's preemptive power remains virtually undefeated." *Maciosek v. Blue Cross & Blue Shield United,* 930 F.2d 536, 539 (7th Cir.1991).

In this case, the Plaintiff's efforts to avoid the clear preemptive mandate of ERISA are unpersuasive. The state law causes of action alleged by the Plaintiff are preempted under the Supreme Court's construction of ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Although the Plaintiff maintains that his actions are rooted in Chapters 507, 509, and 514A of Iowa's insurance code, and thus, exempt from ERISA via the insurance savings clause, the court finds that the Plaintiff has, in reality, alleged a common law bad faith claim which is clearly preempted by ERISA. The court further finds that the Iowa insurance code sections cited by the Plaintiff would be preempted by ERISA, even if they were in fact supporting the Plaintiff's causes of action, since the Plaintiff is an ERISA plan participant suing an ERISA insurer for a mishandled claim. Several courts have held that state insurance provisions, even if clearly falling within the scope of the insurance savings clause, can be preempted by ERISA if the state insurance provisions provide additional remedies to an ERISA plan participant who sues for a mishandled claim. *See, e.g., In re Life Ins. Co.,* 857 F.2d 1190 (8th Cir.1988); *Roberson v. Equitable Life Assurance Soc'y,* 661 F.Supp. 416 (C.D.Cal.1987), *aff'd,* 869 F.2d 1498 (9th Cir.1989); *Lee v. Prudential Ins. Co.,* 673 F.Supp. 998 (N.D.Cal.1987).

*In re Life Ins. Co.,* 857 F.2d 1190 (8th Cir.1988), is indicative of the interplay between the preemption clause and the insurance savings clause. In *In re Life Ins. Co.,* an employee covered by an ERISA employee benefits plan suffered a work-related injury. The employee applied for disability benefits but was denied benefits after the insurance company found that the employee was not disabled. *Id.* .at 1191. The employee brought suit against the insurance company alleging breach of contract, tortious inference with a contract, and a claim under Missouri's insurance code for "vexatious refusal to pay insurance benefits." *Id.; see* Mo.Rev.Stat. § 375.420. The district court concluded that the breach of contract claim and the tortious inference claim were preempted by ERISA, but went on to hold that the claim made pursuant to the "vexatious refusal to pay insurance benefits" statute was not preempted, since, in the district court's opinion, the ERISA insurance savings clause applied. *Id.*

at 1192. The district court then remanded the "vexatious refusal to pay insurance benefits" claim to the state court. *Id.* On a writ of mandamus, the Eight Circuit vacated the district court's remand, holding that "it is clear that [the employee's] ... claim under the Missouri vexatious refusal to pay statute is preempted by ERISA." *Id.* at 1193. The Eighth Circuit, quoting the Supreme Court's decision in *Pilot Life* extensively, continued:

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in [§ 1132(a)] of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly....

> The Court in *Pilot Life* could not have stated with any greater clarity that the remedies afforded under ERISA are exclusive, and no state law purporting to supply additional remedies will escape the preemptive effect of § 1144(a) as laws "which regulate insurance" under § 1144(b)(2)(A). There can be no doubt after *Pilot Life* that a state vexatious refusal to pay claim is preempted by ERISA where it relates to an employee benefit plan. Every court to have considered the question since *Pilot Life* was decided has reached the same conclusion.

*Id.* at 1194–95 (citations omitted).

Thus, like the employees in *Pilot Life* and *In re Life Ins. Co.*, the Plaintiff can only allege a claim pursuant to ERISA's civil enforcement provision since the Plaintiff is suing for a mishandled claim under an ERISA plan. If the court were to reach a contrary conclusion and allow the Plaintiff to use Iowa's insurance code in the manner that the Plaintiff proposes, the Plaintiff would be able to circumvent ERISA's civil enforcement provision—a result which is clearly prohibited by *Pilot Life* and its progeny. *See also Roberson v. Equitable Life Assurance Soc'y,* 661 F.Supp. 416 (C.D.Cal.1987), *aff'd,* 869

F.2d 1498 (9th Cir.1989) (various California insurance code provisions were preempted by ERISA, even though the insurance provisions fell within the scope of the insurance savings clause, since the insurance provisions would infringe upon ERISA's exclusive civil enforcement provisions); *Lee v. Prudential Ins. Co.,* 673 F.Supp. 998 (N.D.Cal.1987) (California "unfair claims settlement practice" statutory claims preempted).

Thus, the court finds that ERISA applies and preempts the Plaintiffs claims. As a result, it is proper to remove this case to the United States District Court for the Northern District of Iowa.

### Amount in Controversy

■ The Plaintiff next argues that the Defendant's petition for removal must be denied since the amount in controversy does not exceed $50,000. The court can not agree. Once under the purview of ERISA, the amount in controversy becomes irrelevant. "The district courts of the United States shall have jurisdiction, *without respect to the amount in controversy* or the citizenship of the parties, to grant the relief provided in subsection (a) of this section any action." 29 U.S.C. § 1132(f) (emphasis added). *See Ingersoll–Rand,* 498 U.S. at 137, 111 S.Ct. at 482 (29 U.S.C. § 1132 is ERISA's "civil enforcement scheme".).

### Waiver of the Right of Removal

■ As his final argument, the Plaintiff argues that the Defendant submitted to the jurisdiction of the District Court of Iowa in and for Linn County when the Defendant filed an acceptance of service in that court. In essence, the Plaintiff is arguing that the Defendant's acceptance of service amounted to a waiver of the Defendant's right to remove. The court disagrees.

A waiver of the right to removal must be "clear and unequivocal." *Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989). In this case, the acceptance of service filed by the Defendant was not "clear and unequivocal." Indeed, the Defendant's acceptance of service explicitly reserved the right to remove: "[T]he Guardian Life Insurance Company of America ... hereby accept[s] due, legal and timely service of the attached Petition and

Jury Demand, and hereby waive[s] all formalities of notice of service ... without waiving any rights herein, including the right to removal of the case to federal court."

Thus, the court concludes that the acceptance of service filed by the Defendant did not waive the Defendant's right to remove. *See Moore's Federal Practice* para. 0.157[9] (2d ed. 1987); *Beasley v. Union Pac. R.R. Co.*, 497 F.Supp. 213 (D.Neb.1980) ("It has been recognized on numerous occasions that actions which are preliminary and which are not conclusive in character and which do not actually submit the merits of a claim for binding decision do not constitute a waiver of defendant's right to remove...." *Id.* at 216.)

## ORDER

Accordingly, It Is Ordered:

1. Defendant's Petition For Removal is accepted.

2. Plaintiff's Motion To Dismiss Petition For Removal is denied.

3. Defendant's Request For Oral Argument On Plaintiff's Motion To Dismiss Petition For Removal is denied as moot.

4. The Plaintiff will be allowed 15 days to amend his complaint to specifically allege a recognizable claim under ERISA.

Done and Ordered.